# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

**ANNE W. BREAUD,**

### PLAINTIFF

**VERSUS**                                                    **CIVIL ACTION NO.**

**LATOYA W. CANTRELL, individually and in her official capacity as Mayor of the City of New Orleans; THE CITY OF NEW ORLEANS; THE NEW ORLEANS POLICE DEPARTMENT; CLIFTON DAVIS II, individually and in his official capacity as Chief of Staff of the Mayor of the City of New Orleans; VICTOR GANT, in his official capacity as a sergeant in the New Orleans Police Department; LESLIE D. GUZMAN, in her official capacity as an officer of the New Orleans Police Department; RYAN ST. MARTIN, in his official capacity as an officer of the New Orleans Police Department; and JOHN/JANE DOES NOS. 1-5**

**SECTION**

**MAGISTRATE**

### DEFENDANTS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>VERIFIED COMPLAINT</u>

**NOW COMES PLAINTIFF**, Anne W. Breaud, through undersigned counsel and for her complaint against Defendants, avers upon information and belief as follows:

## <u>I. NATURE OF THE ACTION</u>

1.      Anne W. Breaud files this complaint for the violation of her civil rights, the violation of federal law by individuals acting under the color of law, and violations of state law, including defamation, abuse of process, abuse of right, intentional infliction of emotional distress, malicious prosecution, general tort liability and vicariously liability against the parties made Defendants hereby and identified in Paragraph 10.

2.      Plaintiff is a private citizen of New Orleans whose civil rights were violated by the conspiring defendants acting under the color of law and who has suffered severe and permanent damage to her otherwise unblemished reputation.

3.      LaToya W. Cantrell and some of the Defendants—law enforcement officers and City of New Orleans employees—violated federal and state law to obtain the Plaintiff's private personal information, including, but not limited to her date of birth, her full Social Security number, and a dated photograph (late 1980s/early 1990s) which appears to be obtained from the Louisiana Department of Motor Vehicles.   In addition to obtaining this private personal information, Defendant Cantrell and other Defendants improperly obtained a criminal history on Breaud, which included a 2016 arrest of Breaud in Assumption Parish, Louisiana related to an alleged domestic violence incident.[1]   Armed with this illegally obtained mis-information, on Friday, May 10, 2024 at approximately 3:41 p.m., Defendant Cantrell, purportedly acting a *pro se* litigant, caused her spurious *Petition for Protection from Stalking or Sexual Assault* pursuant to La. R.S. 46:2171, *et seq.* to be filed in the Civil District Court for the Parish of Orleans, Louisiana, which said *Petition* was riddled with false and unsubstantiated accusations of stalking and harassing, many of which were outrageous fabrications and outright lies.

4.      Within an hour of the filing of said *Petition*, the Civil District Court Duty Judge at the time signed the *ex parte* and perfunctory *Order of Protection* in the form of a temporary restraining order against Breaud, preventing Breaud from engaging in certain constitutionally protected and basic activities such as visiting New Orleans' City Hall and patronizing any

---

[1] In truth, Breaud was the **victim**  of  a domestic violence incident that led to Breaud's wrongful arrest in Assumption Parish, Louisiana in 2016.

establishment where Cantrell was present, and setting an initial hearing on the matter for Monday, May 20, 2024.

5.      In response to Cantrell's *Petition* which was sought to inhibit Breaud's First Amendment constitutionally protected activities, Plaintiff Anne Breaud filed a *Special Motion to Strike* pursuant to Louisiana Code of Civil Procedure art. 971, Louisiana's Anti-SLAPP legislation. The hearing on Breaud's *Special Motion to Strike* was likewise set for a contradictory hearing on May 20, 2024.

6.      Although Anne Breaud was prepared to go forward with the two (2) matters scheduled for hearing on May 20, 2024 (Cantrell's *Petition for Protection* as well as Breaud's *Special Motion to Strike)* just prior to the hearing, Eddie Castaing, Cantrell's legal counsel indicated that he had just been retained the night before and needed a continuance to familiarize himself with the facts of the case before Cantrell could proceed.

7.      Because Cantrell had allegedly filed her Petition for Protection as a *pro se* litigant, the District Court granted the requested continuance and extended the TRO against Breaud for another twenty-eight (28) days until the new hearing date of June 18, 2024.

8.      On June 18, 2024, after a contradictory hearing, the district court granted Breaud's *Special Motion to Strike* pursuant to Louisiana Code of Civil Procedure art. 971, Louisiana's Anti-SLAPP legislation, and Cantrell's *Petition for Protection* was summarily dismissed. The District Court further awarded Breaud the legal fees and costs she incurred in defending Cantrell's spurious *Petition for Protection.* Unfortunately, the damage had already been done. Cantrell, with the assistance of other City actors acting within the course and scope of their employment had already caused Breaud harm while trouncing on federal and state law. Breaud's civil rights were trampled

3.

as well, and her reputation was irreparably damaged without a scintilla of justification. She now seeks relief.

## II. JURISDICTION AND VENUE

9.      The first count of this action arises under 42 U.S.C. § 1983. This Honorable Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

10.     The second count of this action arises under the Driver's Privacy Protection Act - §18 U.S.C. §§ 2721-2725. This Honorable Court has jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 2724.

11.     The third count of this action arises under the Computer Fraud and Abuse Act (CFAA) – 18 U.S.C. § 1030.  This Honorable Court has jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 2724.

12.     The fourth count in this action arises under the Electronic Communications Privacy Act (ECPA) – 18 U.S.C. §§ 2510-2523.  This Honorable Court has jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 2724.

13.     The fifth count of this action arises under the Fourth Amendment of the Unites States Constitution.

14.     The sixth, seventh, eighth, ninth, tenth, eleventh and twelfth counts of this action arise under Louisiana law. This Honorable Court has supplemental jurisdiction under 28 U.S.C. § 1367 because each of these claims are "so related to claims in the action within such original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution."

15.     The thirteenth count of this action arises under the Civil Racketeer Influenced and Corrupt Organizations (Civil RICO) Act 18 U.S.C. § Section 1962 (c) and (d).  This Honorable Court has jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 2724

16.      Venue is proper in this Honorable Court under 28 U.S.C. § 1391(b)(2) because this Court is in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Venue for the Civil RICO claim is proper under 18 U.S.C. § 1965(a).

### III. PARTIES

17.     Made Plaintiff hereby, Anne W. Breaud ("Breaud"), a person of the age of majority is a resident of the Parish of Orleans, State of Louisiana.

18.     The following are made Defendants in this suit and are indebted unto the Plaintiff jointly, severally, and *in solido* for such damages as are reasonably equitable, including costs, attorney fees as allowed for by law, if any, together with legal interest thereon from the date of judicial demand until paid:

> **(a)    LaToya W. Cantrell ("Cantrell")**, individually and as Mayor of the City of New Orleans, who is a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana;
>
> **(b)    The City of New Orleans ("City"),** a political subdivision of the State of Louisiana, operating under its own Home Rule Charter, with its principal offices in New Orleans City Hall, 1300 Perdido Street, New Orleans, Louisiana 70112;
>
> **(c)    New Orleans Police Department (NOPD"),** a department under the care, custody, and control of the City of New Orleans, existing under and by virtue of the laws of the State of Louisiana and the New Orleans Home Rule Charter;
>
> **(d)    Clifton M. Davis II ("Davis")**, individually and in his capacity as Chief of Staff of Mayor LaToya W. Cantrell and believed to be a resident of the Parish of Orleans Parish, State of Louisiana;

5.

(e)     **Leslie D. Guzman ("Guzman")**, in her capacity as a Senior Police Officer employed by the NOPD and believed to be a resident of the Parish of Orleans, State of Louisiana;

(f)     **Ryan St. Martin ("St. Martin"),** in his capacity as a police officer employed by the NOPD and believed to be a resident of the Parish of Orleans, State of Louisiana;

(g)     **John/Jane Does Nos. 1-5 (collectively "The Does"),** are as-yet unknown individuals or entities involved in the acquisition and dissemination of Anne Breaud's private personal information and the damages to her caused thereby. They are sued in their official and/or individual capacities.

## IV. FACTUAL ALLEGATIONS

19.     On Sunday, April 7, 2024, Plaintiff Anne Breaud returned to her home located in the Upper Pontalba Apartments on the southwest corner of the intersection of Chartres and St. Peter Streets and walked out onto the portion of her second-floor balcony that fronts on Chartres Street.

20.     Upon taking a cursory glance at the second-floor Tableau Restaurant balcony which is no more than twenty-five (25) feet from Breaud's balcony, Breaud observed defendant and Mayor of the City of New Orleans, LaToya W. Cantrell, sitting at table with NOPD Officer Jeffrey P. Vappie II ("Vappie") appearing to be enjoying a meal and a bottle of wine.

21.     Knowing that Vappie was a member of Cantrell's Executive Protection Unit, a division on the NOPD that is charged with providing protection to Defendant Cantrell in her capacity as Mayor of the City of New Orleans, Breaud deemed Cantrell and Vappie's behavior inappropriate and captured two (2) photographs of Defendant Cantrell and Vappie eating and drinking alcoholic beverages on the Tableau Restaurant balcony.

22.     Specifically, upon information and belief, receipts obtained from Tableau Restaurant from Sunday, April 7, 2024 reflect that Defendant Cantrell and Vappie ordered a total of two (2) mimosas and a bottle of wine.

23.     Contrary to the allegations of Defendant Cantrell *infra*, the following two (2) photographs **are the only photographs** of Cantrell and/or Vappie that Breaud took on April 7, 2024 at approximately 5:34 p.m.:



24.     Subsequent to taking these two (2) photographs, Anne Breaud forwarded said photographs to Raphael Goyeneche, the President of the Metropolitan Crime Commission, Inc. (the "MCC"), a non-profit community watch-dog organization, which has a stated goal "*to reduce crime and expose corruption throughout Louisiana with a strategy of investigating wrongdoing, being a conduit for citizens to report misconduct, and by bringing accountability and transparency to the criminal justice system through research.*"

25.     Thereafter, on or about April 12, 2024, the MCC reported the April 7, 2024 incident at Tableau Restaurant to Deputy Chief Keith Sanchez of the NOPD's Public Integrity Bureau, including the photographs that Breaud captured on April 7, 2024 requesting that an investigation of

Vappie's conduct with his protectee, Defendant Cantrell on April 7, 2024 be opened.  A copy of MCC's request to the NOPD's Public Integrity Bureau is attached hereto as **Exhibit "A"**.

26.     At some point shortly after the MCC's April 12th reporting of the Tableau Restaurant incident to the NOPD's Public Integrity Bureau, various media outlets published the April 7, 2024 photographs of Defendant Cantrell and Vappie appearing to enjoy the bottle of wine on the Tableau Restaurant Balcony that Breaud captured from her home balcony.

27.     Although neither Breaud's April 7, 2024 photographs of Defendant Cantrell and Vappie on the Tableau Restaurant Balcony nor the MCC's April 12, 2024 reporting of the incident to the NOPD's Public Integrity Bureau prompted an immediate response by Defendant Cantrell against Breaud, on the evening of Wednesday, May 8, 2024, reporter Lee Zurik of Fox 8 News aired a news story which included a third (3rd) photograph of Defendant Cantrell and Vappie appearing to enjoy of glass of wine together at French Quarter restaurant Doris Metropolitan located at the corner of Chartres and Wilkinson Street, right around the corner from the City's Upper Pontalba apartment which Defendant Cantrell had converted into her primary residence.

28.     Plaintiff Anne Breaud did not capture this third (3rd) photo, but Fox 8 News and other media sources reported that the third (3rd) photograph of Defendant Cantrell and Vappie that was published on Wednesday, May 8, 2024 was purportedly captured on Thursday, July 28, 2022 at approximately 8:20 p.m.[2]

29.     Public records obtained from the City of New Orleans reflect that Vappie was on duty as part of Defendant Cantrell's executive protection detail at the time Plaintiff Breaud

---

[2] Raphael Goyeneche, President of the Metropolitan Crime Commission has confirmed that he did not receive the July 28, 2022 photograph of Defendant Cantrell and Vappie from Plaintiff Breaud, but instead, received it from a City of New Orleans employee, who, for obvious reasons wishes to remain anonymous.

photographed Defendant Cantrell and Vappie on the Tableau Restaurant balcony at approximately 5:34 p.m. on Sunday, April 7, 2024.

30.     Public records obtained from the City of New Orleans likewise reflect that Vappie was also on duty as a part of Defendant Cantrell's executive protection detail on Thursday, July 28, 2022 at approximately 8:20 p.m. when the newly revealed photograph of Defendant Cantrell and Vappie drinking wine together at Doris Metropolitan was captured.

31.     Public records obtained from the City of New Orleans reflect that Defendant Cantrell was not in New Orleans when Fox 8 News first aired its May 8, 2024 news segment where the July 28, 2022 Doris Metropolitan restaurant photograph of Defendant Cantrell and Vappie was first published, but confirm that Defendant Cantrell arrived back in New Orleans later that night at approximately 10:50 p.m. from an official trip to Montreal, Quebec, Canada.

32.     The very next day, Thursday, May 9, 2024, NOPD Incident Report E-08673-24 reflects that Defendant Cantrell summoned the NOPD, not to her personal resident or some non-City owned site, but to the Mayor's office on the second floor of City Hall to lodge an official complaint against Plaintiff Breaud for allegedly stalking and harassing Defendant Cantrell.  A copy of said NOPD Incident Report is attached hereto as **Exhibit "B"**.

33.     According to NOPD Incident Report E-08673-24, Defendant Leslie D. Guzman, a Senior Officer with the NOPD who primarily serves the NOPD as a translator, was dispatched to Cantrell's office in City Hall where Guzman purportedly interviewed Cantrell and purportedly took her statement at 1:00 p.m. on Thursday, May 9, 2024.

34.     Upon information and belief, coupled with additional information obtained from the New Orleans Police Department's website, Defendant Guzman is not a detective, nor is a member

of the Executive Protection Ueam, nor is she assigned to NOPD's Eighth (8th) District which is the district in which New Orleans City Hall is situated. [3]

35.     NOPD Incident Report E-08673-24 reflects that during the interview with Cantrell, Cantrell "*advised she [was] being harassed/followed by a female with the name of Anne Breaud, W/F DOB [redacted] who ha[d] been photographing her and distributing said images to the media outlets.*"

36.     These statements are false and show actual malice on the part of Defendant Cantrell. She acted in reckless disregard for the truth.  Further they are *Per Se* Defamatory.

37.     NOPD Incident Report E-08673-24 further reflects that during the interview with Defendant Cantrell, Defendant Cantrell "*advised [Officer Guzman] the last time [Cantrell] observed Breaud follow her and take more unsolicited images was on Sunday, April 7, 2024 at about 1:30 p.m.*"

38.     This statement is completely false and shows actual malice on the part of Defendant Cantrell.  Plaintiff Breaud was on the Mississippi Gulf Coast at 1:30 p.m. that day and did not return to her Upper Pontalba Apartment until after 5:00 p.m. on Sunday, April 7, 2024.  Defendant Cantrell again acted in reckless disregard for the truth.

39.     NOPD Incident Report E-08673-24 further reflects that during the interview with Defendant Cantrell, Cantrell "*advised [Cantrell] had asked Breaud to stop following her and to stop taking photographs, to which [Breaud] ha[d] persistendly [sic] continued to do so.*"

40.     These statements are patently false, and Defendant Cantrell can produce no evidence to substantiate these spurious allegations.   Anne Breaud has never received any communications

---

[3] The assignment of Defendant Leslie D. Guzman to take Defendant Cantrell's statement has been called into question because, as indicated in NOPD Incident Report E-08673-24, Defendant Guzman "*does not wear a body worn camera, therefore the incident reported was not recorded.*"

from Defendant Cantrell, any member of the Executive Protection Unit, Cantrell's attorney, or any representative of Cantrell's office.

41.     NOPD Incident Report E-08673-24 further reflects that during the interview with Defendant Cantrell, Cantrell "*complained that she feels unsafe and frightened by the menacing behavior of Breaud to the point [Cantrell] is afraid for her safety and her loved ones.*"

42.     This statement includes false and misleading information and constitutes a *Per Se* Defamatory statement about Plaintiff Anne Breaud.

43.     NOPD Incident Report E-08673-24 further reflects that during the interview with Defendant Cantrell, Cantrell "*continued* [the interview with Defendant Guzman] *by asking instructions to follow [sic] a stay away order to have Breaud served by the Court, to which SPO Guzman provided information to the victim.*"

44.     Most significant in NOPD Incident Report E-08673-24 is the fact that it reflects that "*Breaud had a criminal history for aggravated battery (arrested in 2016 in Assumption Parish).*"

45.     This statement is *Per Se* Defamatory, because had any of the defendants named herein taken the time to check the circumstances surrounding Plaintiff Breaud's 2016 arrest in Assumption Parish, Louisiana, they would have learned that Breaud **was actually a victim** in the 2016 incident and thus was never charged in the matter and that the record of said arrest was expunged.

46.     Upon information and belief and based on the sequencing of statements in Defendant Guzman's official incident report, it appears that Defendant Cantrell had obtained Breaud's criminal history prior to Defendant Guzman's arrival at City Hall at about 1:00 p.m. on Thursday, May 9, 2024.

11.

47.     Although Defendant Guzman is not assigned to Cantrell's Executive Protection Unit, Defendant Victor M. Gant, a sergeant with NOPD and supervisor of the Executive Protection Unit reviewed and signed off on NOPD Incident No. E-08673-24.

48.     By drafting, approving and publishing NOPD Incident No. E-08673-24 without any investigation or inquiry of Breaud, Defendants Guzman and Gant aided and abetted Defendant Cantrell's duplicity in fabricating a false police report that Defendant Cantrell calculated would bolster her *Petition for Protection* against Plaintiff Anne Breaud.

49.     Prior to NOPD making Incident No. E-08673-24 available to the public by obtaining a copy at NOPD headquarters, Defendant Gant, presumably with more experience than Defendant Guzman, had the opportunity to clarify Defendant Cantrell's statements and yet failed to do so, further contributing to the dissemination of false and defamatory statements about Breaud.

50.     Upon information and belief, Defendant Ryan St. Martin, who is further believed to be assigned to the stolen vehicle division of the NOPD was one of the NOPD police officers who accessed the Louisiana Department of Motor Vehicles database where he obtained the dated photograph of Plaintiff Breaud captured in the late 1980s or early 1990s, and potentially other private personal information belonging to Breaud.

51.     Based on the statements that Defendant Cantrell made to Defendant Guzman and documented in Guzman's NOPD Incident Report No. E-08673-24, coupled with the allegations contained in Defendant Cantrell's *Petition for Protection*, it appears that Breaud's private personal information was accessed, obtained and provided to Defendant Cantrell at some point between 5:00 p.m. on Wednesday, May, 9, 2024 and 3:30 p.m. Friday, May 10, 2024, although Plaintiff Breaud is currently unaware of all of the parties that were in the chain of custody of Breaud's private personal information.

52.     Further, upon information and belief, Defendant St. Martin, and potentially other unknown Defendants John/Jane Doe members of the NOPD and employees of the City of New Orleans, acting under color of state and local law, provided Defendant Cantrell with access to and/or a copy of Breaud's private personal information.

53.     There was no legal basis or other justification supporting Defendant St. Martin's and potentially other NOPD/City of New Orleans employees' dissemination and disclosure of Anne Breaud's private personal information to Defendant Cantrell and this would not have been done, but for the fact that Defendant Cantrell is the Mayor of the City of New Orleans and thus the superior of every NOPD officer and City employee.

54.     To the contrary, upon information and belief, Anne Breaud's private personal information was provided to Defendants Cantrell and Davis in response to an official request made by the Mayor's Office although Cantrell's false and defamatory allegations against Breaud had nothing to do with official City of New Orleans business.

55.      Simply put, Defendant St. Martin, Defendant Davis and/or potentially other named and/or unknown defendants colluded and conspired with Defendant Cantrell in an attempt to quell Anne Breaud's protected speech under the United States and Louisiana Constitutions.

56.     Upon information and belief, Defendants Cantrell and Davis relied on the private personal information provided to them by Defendant St. Martin and other named and/or unknown defendants to prepare Cantrell's *Petition for Protection*, which alleged a series of false and defamatory claims against Plaintiff Anne Breaud.

57.     Upon information and belief, Defendants Cantrell and Davis used Plaintiff Anne Breaud's private personal information in Cantrell's legal action against Breaud and violated her civil rights.

58.     Rather than evaluate this information and act accordingly, Defendant Cantrell's response was to include it in her *Petition for Protection* to bolster her wild and unfounded accusations against Breaud.

59.     Upon information and belief, Defendant Cantrell would not have filed her *Petition for Protection* against Plaintiff Anne Breaud but for his improper access to Breaud's private personal information obtained improperly and under knowingly false pretenses by Defendant St. Martin and perhaps other named and/or unknown defendants.

60.     The day after filing NOPD Incident Report No. No. E-08673-24 with Defendant Leslie Guzman, on Friday, May 10, 2024 at approximately 3:41 p.m., Cantrell caused a hand-written *Petition for Protection from Stalking or Sexual Assault* pursuant to La. R.S. 46:2171 *et seq.* or La. R.S. 46:2181 *et seq.*  A copy of said *Petition for Protection* is attached hereto as **Exhibit "C"** and made a part hereof.

61.     Although the *Petition for Protection* purports to be a *pro se* petition written out by Defendant Cantrell herself, upon information and belief, it appears that at least a portion of said *Petition* was actually written by Defendant Clifton M. Davis II, Defendant Cantrell's Chief of Staff and currently suspended Louisiana attorney, who hand-wrote the allegations of Defendant Cantrell on the pre-printed form *Petition for Protection.*

14.

62.     Upon information and belief, it was not Defendant Cantrell who actually walked over to Civil District Court and filed it in Civil District Court on Friday, May 10, 2024 at approximately 3:41 p.m., but Defendant Davis who filed said *Petition* on Cantrell's behalf.

63.      The May 10, 2024 *Petition for Protection* captioned *LaToya W. Cantrell  v. Anne W. Breaud*, No. 2024-04268, Division K-2 in the Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter, the "Protective Order Case"), was the catalyst of all events giving rise to the instant suit.

64.     In her *Petition for Protection* filed in the Protective Order Case, Defendant Cantrell made several patently false and misleading allegations against Breaud, including **all** of the marked allegations in Paragraph 7(a) below in which Defendant Cantrell swears under oath and subject to criminal perjury that Plaintiff Anne Breaud:

### Paragraph 7:  Description of stalking/sexual assault

a. **Stalking** (La. R.S. 46:2171 et seq.): Defendant intentionally and repeatedly engaged in the following behavior(s) which caused the protected person to feel alarmed or to suffer emotional distress:

| | |
|---|---|
| ☒ Followed protected person(s) | ___ Implied or threatened protected person(s) with bodily injury |
| ☒ Harassed protected person(s) | ___ Implied or threatened protected person(s)' life |
| ___ Uninvited presence at protected person(s)' home | ___ Used tracking device to monitor protected person(s) |
| ___ Uninvited presence at protected person(s)' workplace | ___ Stalked, harmed/threatened to harm protected person(s) or member of protected person(s)' family or acquaintance of protected person(s) |
| ___ Uninvited presence at protected person(s)' school | |
| ☒ Uninvited presence at other places | ___ Implied or threatened protected person(s) with kidnapping |
| ___ Made/sent telephone calls, texts, emails or other electronic communications to protected person(s) | ___ Implied or threatened protected person(s) with sexual assault |
| ☒ Sent messages via a third party, letters, pictures, public posts to social media | ___ Possessed a dangerous weapon during any of the foregoing behaviors |
| ___ Sent unwanted gifts to protected person(s) | ___ Threatened protected person(s) with a dangerous weapon |

☒ Other: Actions of the defendant have placed me and my family in greater risk of being harmed, Jeopardized my safety especially at places I frequent

b. **Sexual assault** (La. R.S. 46:2181 et seq.): Defendant intentionally assaulted the protected person in the following manner:

65.     All of the allegations listed above in Paragraph 64 hereof (Paragraph 7 (a) of the *Petition for Protection*) are false and made in reckless disregard for the truth and thus are *Per Se* Defamatory statements.

66.     At no place in her *Petition for Protection* or at any time after Defendant Cantrell caused her *Petition for Protection* to be filed with the Court has Defendant Cantrell cited any specific incidents (besides Breaud's taking the two (2) photographs of Defendants Cantrell and Vappie on the Tableau Restaurant balcony on April 7, 2024) to substantiate her claims in Paragraph 7(a) of her *Petition for Protection*.

67.     In addition to the specious and unsubstantiated allegations in Paragraph 7 (a) of Defendant Cantrell's *Petition for Protection*, in Paragraph 7(c) of her *Petition*, Defendant Cantrell also made the following false allegations related to Breaud's actions on Sunday, April 7, 2024:

A.     "The defendant aggressively photographed and harassed me while having lunch on a restaurant balcony."

B.     "The defendant went out of her way to be certain I felt her presence and to notice that she was capturing countless photos of me."

C.     "The defendant then proceeded to the street to find my vehicle, where she captured additional photos and video."

D.     "The defendant made several phone calls in my sight."

E.     "The defendant's photos were made available to Fox 8 News as she has consistently done over the past two years."

68.     All of Defendant Cantrell's statements set forth in Paragraph 67 above (Paragraph 7 (c) of Cantrell's *Petition for Protection*)  are false and written in reckless disregard of the truth. Further, Defendant Cantrell's assertion that Plaintiff Breaud "proceeded to the street to find [her] vehicle, where [Breaud] captured additional photos and video" is a bald-faced lie and constitutes

16.

perjury pursuant to LSA-R.S. 14:123.  Metadata available on Plaintiff Breaud's phone will reflect that Breaud only took the two (2) photos of Defendants Cantrell and Vappie included in Paragraph 23 hereof.

69.     In the second portion of Paragraph 7 (c) of the *Petition for Protection* which addresses "past incidents" of alleged harassment, Defendant Cantrell continued with the following false and libelous statements:

> A.  "The defendant has been the source of photographs and video (over 800 hours of video) that has [sic] been used to attack, dehumanize, weaponize my character and caused harm; risking my overall safety."
>
> B.  "The defendant has a history of assault and I am not safe."

70.      These statements are patently false and in addition to being made in reckless disregard for the truth are *Per Se* Defamatory.  Further, Defendant Cantrell completely fabricates that Plaintiff Anne Breaud "has been the source of   . . . over 800 hours of video)."  Ironically, the hundreds of hours of videos for which Defendant Cantrell falsely attributes to Breaud and offer as previous incidents of harassment were captured on the City of New Orleans-installed security cameras that were installed as a result of Defendant Cantrell's conversion of the City's Upper Pontalba apartment into her own personal residence where she regularly maintained a romantic relationship with Vappie.

71.     In addition to the false, defamatory and perjurious allegations set forth in the *Petition for Protection*, Page 6 of 7 of said *Petition* contains a pre-printed "Affirmation" that appears to be signed by Defendant LaToya W. Cantrell and witnessed Defendant Davis, Cantrell's Chief of Staff and City of New Orleans employee.

72.    Specifically, said Affirmation reads as follows:

"I am the petitioner in this Petition for Protection from Stalking or Sexual Abuse; I have read the allegations contained therein and declared them to be true and correct to the best of my knowledge, information, and belief.  Further I believe that the defendant poses a threat to my safety and/or to the child(ren) or to other for whom I have requested relief.

I am aware that any false statement made under oath contain in the foregoing petition and this affirmation may constitute perjury pursuant to R.S. 14:123."

73.    As reflected in attached Exhibit "C", Page 7 of 7 of Cantrell's *Petition for Protection* also includes an Addendum which reads as follows[4]:



[4] Although Anne Breaud's Social Security number has been redacted above, the original Petition for Protection filed by Defendant Cantrell recited Breaud's entire Social Security number and date of birth with no redaction.

74.     In addition to the seven (7) pre-printed pages of the *Petition for Protection*, Defendant Cantrell also caused to be attached to the filed *Petition*:  1) a New Orleans Police Department Form 26, which provided an "Item No." for the NOPD Incident Report No. E-08673-24 that Defendant Leslie D. Guzman drafted and which Defendant Gant approved; and 2) the dated photograph of Plaintiff Anne Breaud that appears to be an official photograph from the department of motor vehicles in the late 1980s or early 1990s.

75.     After filing the *Petition for Protection* on May 10, 2024 at 3:41 p.m., minutes later, at approximately 4:18 p.m., the Honorable Paulette R. Irons, sitting as Duty Judge for the Civil District Court for the Parish of Orleans, State of Louisiana issued the requested *"Order of Protection"* in the form of a *"Temporary Restraining Order"* against Plaintiff Anne Breaud finding "that the allegations presented [in Cantrell's *Petition for Protection*] constitute an immediate and present danger of stalking."

76.     Upon said finding, the Court further ordered that:

A. "THE DEFENDANT [Breaud] IS ORDERED NOT TO abuse, harass, assault, stalk, follow, track, monitor, or threaten the protected person(s) in any matter whatsoever.  This prohibition includes the use, attempted use, or threatened use of physical force that would reasonably be expected to caused bodily injury."

B. "THE DEFENDANT [Breaud] IS ORDERED NOT TO contact the protected person(s) personally, though a third party, or via public posting, by any means, including written, telephone, or electronic (text, email, messaging, or social media) communication without the express written permission of this court."

C.  "THE DEFENDANT [Breaud] IS ORDERED NOT TO go within 100 yards (distance) of the protected person(s) , without the express permission of this court."

D. "THE DEFENDANT [Breaud] IS ORDERED NOT TO go within one hundred (100) yards of the residence, apartment complex, or multiple family dwelling of the protected person(s).  3623 Louisiana Parkway, New Orleans, LA  70125"

> E. "THE DEFENDANT [Breaud] IS ORDERED TO STAY AWAY from protected person(s)' place of employment/school and not interfere in any manner with such employment/school." 1300 Perdido Street, New Orleans, LA 70112 and 5300 St. Charles, New Orleans, LA 70115."
>
> F. "THE DEFENDANT [Breaud] IS ORDERED NOT TO contact family members or acquaintances of the protected person(s).

77.   Anne Breaud never has never stalked, harassed, or intimidated anyone and never had any motivation to stalk, harass, or intimidate anyone.

78.   Defendant Cantrell falsely implies that Plaintiff Breaud is a violent person prone to assault other people.

79.   The language contained in Defendant Cantrell's Petition for Protection was lifted nearly verbatim from La. R.S. § 14:40.2, Louisiana's criminal statute on stalking. This was a vain attempt to create and describe a crime where there was none.

## V. LAW AND ARGUMENT

### A. COUNT 1: VIOLATIONS OF 42 U.S.C. § 1983

80.   "To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."[5]

81.   Defendants Guzman, Gant, St. Martin, NOPD, City and unnamed John/Jane Doe Defendants, acting individually under the color of state and local law, violated federal law and deprived Plaintiff Breaud of the protections guaranteed to her under the Constitution and the laws of the United States.

---

[5] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999).

82.     Defendants Guzman, Gant, St. Martin, NOPD, City and unnamed Defendants John/Jane Does violated Anne Breaud's privacy and due process rights by obtaining Breaud's private personal information under knowingly false pretenses, and further, by providing that information to Defendants Cantrell and Davis. Plaintiff Breaud now sues Defendants Guzman, Gant, St. Martin, NOPD, City and unnamed Defendants John/Jane Does, individually, under 42 U.S.C. § 1983.

83.     Defendants Guzman, Gant, St. Martin, NOPD, City and unnamed Defendants John/Jane Does violated Breaud's privacy and due process rights by transmitting to Defendants Cantrell and Davis information about Breaud which was ultimately used to bolster baseless claims and a suit against Breaud.  Breaud now sues Defendants Guzman, Gant, St. Martin, NOPD, City and unnamed Defendants John/Jane Does, individually, under 42 U.S.C. § 1983.

### B. COUNT 2: VIOLATIONS OF 18 U.S.C. § 2721 – DRIVER'S PRIVACY PROTECTION ACT

83.     The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

84.     18 U.S.C. § 2721 prohibits the disclosure and redisclosure of personal information, including name and address, as retrieved from the State motor vehicle records except for a certain list of in enumerated "permissible uses."

85.     Furthermore, 18 U.S.C. § 2722, declares that:

(a)     "It shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title"; and

(b)     "It shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record."

85.     Defendant St. Martin and potentially other named or unknown Defendants John/Jane Doe individually violated:

 (a) 18 U.S.C. § 2721(c) by redisclosing the information derived from the unauthorized search of the Louisiana Department of Motor Vehicle's ("Louisiana's DMV")database to Cantrell; and

 (b) 18 U.S.C. § 2722(a) by conducting the search of Louisiana's DMV in the absence of a permissible use;

86.     Defendants Cantrell and Davis individually violated 18 U.S.C. § 2722(a) and (b) by soliciting, obtaining and/or using the information derived from the St. Martin and other unknown John/Jane Doe defendants in the absence of a permissible use.

87.     "A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court." 18 U.S.C. § 2724.  Accordingly, Breaud now brings this civil action.

## C.  COUNT 3:  *VIOLATIONS OF 18 U.S.C. § 1030 – COMPUTER FRAUD AND ABUSE ACT (CFAA)*

88.     The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

89.     Upon information and belief, Defendants St. Martin, Guzman, Gant, Cantrell, Davis and other unknown John/Jane Doe Defendants individually violated 18 U.S.C. § 1030 by soliciting, obtaining and/or using the information derived from the National Crime Information Center (NCIC) in the absence of a permissible use.

90.     Defendants Cantrell and Davis in turn published the improperly precured private personal information belonging to Plaintiff Anne Breaud to countless number of third-parties

through the inclusion of said personal private information in her *Petition for Protection* filed on May 10, 2024.

### D.  COUNT 4:  VIOLATIONS OF 18 U.S.C. §§ 2510-2523 – ELECTRONIC COMMUNICATIONS PRIVACY ACT (ECPA)

91.     The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

92.     Upon information and belief, Defendants St. Martin, Guzman, Gant, Cantrell, Davis and other unnamed John/Jane Doe Defendants individually violated 18 U.S.C. §§ 2510 by soliciting, obtaining and/or using the information derived from the National Crime Information Center (NCIC) or other databases used by law enforcement agencies in the absence of a permissible use.

93.     Defendants Cantrell and Davis in turn published the improperly precured private personal information belonging to Plaintiff Anne Breaud to countless number of third-parties through the inclusion of said personal private information in her *Petition for Protection* filed on May 10, 2024.

### D.  COUNT 5:  VIOLATIONS OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

94.     The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

95.     Defendants Ryan St. Martin, Guzman, Gant, NOPD and other unnamed John/Jane Doe Defendants violated Plaintiff Breaud's Fourth Amendment right to unreasonable search and seizures by improperly accessing her private personal information contained in state and national

databases without just cause and in turn provided it to Defendants Cantrell and Davis who were not entitled to receive this information and who published it to countless third-parties in a wanton and reckless manner.

### E. COUNT 6: DEFAMATION

96.     The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

97.     Defendant LaToya Cantrell falsely accused Anne Breaud of criminal conduct and published these falsehoods to the public at large.

98.     These baseless allegations made and disseminated by Cantrell and Davis are severely injurious to Breaud's reputation as a citizen of New Orleans. Under Louisiana law, there are four elements necessary to establish a claim for defamation:

(a)     "a false and defamatory statement concerning another;"

(b)     "an unprivileged publication to a third party;"

(c)     "fault (negligence or greater) on the part of the publisher;" and

(d)     "resulting injury."[6]

99.     "In Louisiana, defamatory words have traditionally been divided into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning."[7]

---

[6] *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418 (La. 7/10/06) 935 So.2d 669, 674.
[7] *Kennedy*, 935 So. 2d at 674-75; Costello v. Hardy, 03-1146 (La. 1/21/04), 864 So. 2d 129,140

100.    "Words which **expressly or implicitly accuse another of criminal conduct**, or which by their very nature tend to **injure one's personal or professional reputation**, even without considering extrinsic facts or surrounding circumstances, are considered defamatory *per se*."[8]

101.    "When a plaintiff proves publication of words that are defamatory *per se*, falsity and malice (or fault) are presumed, but may be rebutted by the defendant. Injury may also be presumed."[9]

102.    Cantrell's statements included that Breaud engaged in a "pattern of stalking, harassing and intimidating Cantrell and her family," which is defamatory *per se* as it expressly accuses Breaud of the crime of stalking and by its very nature injures Breaud's personal and professional reputation.

103.    Because Breaud's statements were defamatory *per se*, falsity, malice, and injury are presumed.[10]

104.    By making her false and defamatory statements concerning Breaud's actions in pleadings filed into the public record, Defendants Cantrell and Davis have made unprivileged publications to multiple third parties.[11]

105.    Defendants Cantrell and Davis' false statements have irreparably damaged Breaud's reputation as an upstanding citizen in the City of New Orleans.

---

[8] *Costello*, 864 So. 2d at 140.
[9] *Kennedy*, 935 So. 2d at 675.
[10]  Even if these elements were not presumed, Cantrell's actions demonstrate negligence or reckless disregard for the truth.  Cantrell made these false and defamatory statements against Breaud without having **any personal knowledge** or information of the alleged conduct of Breaud.  None of these allegations can be considered to have been based upon **reasonable** belief as Cantrell conducted absolutely no inquiry into whether Breaud had engaged in any of the alleged conduct of Breaud set forth in Cantrell's *Petition for Protection*.
[11] *See Costello*, 864 So. 2d at 146.

106.    These statements have jeopardized Breaud's ability to garner the trust of her potential real estate clients and have thereby jeopardized her livelihood.

107.    Further, these false statements are obstacles to any public office or position to which Breaud may aspire.

108.    Breaud has incurred significant expenses in defending herself against these false and baseless claims.

## F. COUNT 7: ABUSE OF PROCESS

109.    The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

110.    Cantrell willfully abused the legal process by seeking and obtaining an Order of Protection/TRO against Breaud for an ulterior purpose.

111.    Specifically, Cantrell sought the Order of Protection/TRO against Breaud purportedly to protect Cantrell and her family from stalking, harassment, intimidation, when, in fact, no such conduct was occurring or was ever threatened.

112.    Because no such conduct was occurring or threatened, Defendant Cantrell was motivated by ulterior purposes, including, but not limited to:

(a)    to oppress, damage, humiliate, vex, and/or spite Breaud;

(b)    to make an example of Breaud as what happens when you expose Defendant Cantrell's actions;

(c)    to keep Breaud, and others from exposing her inappropriate sexual relationship with former NOPD Offiicer Jeffrey Vappie and exposing criminal conduct for which he has been indicted in United States District Court; and

(d)    to punish Breaud for exercising her constitutionally protected rights under the Louisiana and United States Constitutions;

26.

113.    Defendant Cantrell, motivated by a perceived wrong, chose to wield a legal shield as a sword. Cantrell sought and obtained a result that was not proper under the law and did so knowingly.  She maliciously misused and misapplied this process.

114.    To this end, Defendant Cantrell, under false pretenses, improperly obtained private personal information about Breaud from the NOPD, which was in turn provided to Cantrell in violation of federal and state laws and to abet Cantrell in her tortious acts toward Breaud.

115.    Breaud was severely injured by Cantrell's abuse of process, financially and emotionally: he was forced to defend himself against this abuse of process and incur legal fees, divert resources from his own legal practice, and endure the accompanying trauma.

116.     Breaud's claim for abuse of process is not premature and has fully ripened because there was *bona fide* termination in favor of Breaud, which was dismissed with prejudice by Cantrell. The Civil District Court struck from the pleading any reference to a request for a Temporary Restraining Order and Preliminary Injunction. Cantrell's claims for the *Order of Protection* in the form of a restraining order have been dismissed by Civil District Court.

### G. COUNT 8: ABUSE OF RIGHT

117.    The allegations contained in Paragraphs 1-78 herein are realleged and ncorporated by reference, as fully set forth herein.

118.    Defendant Cantrell committed an abuse of right when she carried out the above-identified conduct including, but not limited to, requesting her subordinates on the New Orleans Police Department to acquire information Plaintiff Anne Breaud, drafting a false petition seeking injunctive relief and obtaining the Order of Protection/TRO against Breaud.

119.    With respect to Defendant Cantrell's abuse of these rights:

(a)     her predominant motive for the exercise of these rights was to cause harm;

(b)     there was no serious or legitimate motive for the exercise of these rights;

(c)     the exercise of these rights violated moral rules, good faith, and elementary fairness; and

(d)     the exercise of the rights was for a purpose other than for which they were granted.

120.    Upon information and belief, Defendants St. Martin, Davis and other named and unnamed defendants knowingly and willingly assisted Defendant Cantrell in committing this abuse of right.

121.    Breaud's claim for abuse of right is not premature and has fully ripened because there was bona fide ruling by the Civil District Court in favor of Breaud, and against Cantrell.

122.     The Civil District Court struck from the pleading any reference to a request for a Temporary Restraining Order and Preliminary Injunction. Cantrell's claims for the Order of Protection/TRO and Preliminary Injunction have been dismissed by the court.

### H. COUNT 9: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

123.    The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

124.     Cantrell committed Intentional Infliction of Emotional Distress ("IIED") against Breaud by seeking and obtaining an Order for Protection/TRO against Breaud on false and defamatory grounds and by continuing to pursue and promulgate these claims in the public arena despite knowing they were false.

125.     Cantrell's above-described conduct, including, but not limited to, her lodging of patently false and defamatory criminal allegations within a civil lawsuit to pursue an Order of Protection/TRO, was **extreme and outrageous**.

126.     Breaud has suffered and will continue to suffer severe emotional distress from these groundless assaults on her character.

127.     At the very least, Cantrell, knew that her false and defamatory statements against Breaud were likely or certain that Breaud would suffer emotional distress as a result of her conduct.  However, as demonstrated by Cantrell's pattern of behavior, it is apparent that Cantrell **intended** for Breaud to suffer severe emotional distress.

128.     Upon information and belief, and as described above, Defendants Guzman, Gant, St. Martin, Davis and other unnamed John/Jane Defendants, knowingly and willingly assisted the exaction of Cantrell's retribution against Plaintiff Breaud.

129.     Accordingly, Cantrell, Davis, and Davis, are liable for the IIED against Breaud in relative shares to be determined in accordance with either: (a) comparative fault under La. Civ. Code art. 2323; or (b) as solidary or joint tortfeasors under La. Civ. Code art. 2324.

### *I. COUNT 10: MALICIOUS PROSECUTION*

130.     The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

131.     Cantrell committed the tort of malicious prosecution by seeking an Order of Protection/Temporary Restraining Order against Breaud without probable cause, pursuing its enforcement, and zealously maintaining the action before its dismissal.

132.    Breaud incurred significant financial and emotional injuries as a result of Cantrell's actions including, but not limited to, damage to her reputation, expenses incurred as a result of her defense, lost business opportunities, and psychological trauma.

### J. COUNT 11: GENERAL TORT LIABILITY

133.    The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

134.    Under Louisiana law, the fountainhead of tort liability is La. Civ. Code art. 2315, which provides "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

135.    Breaud has been damaged by the Defendants' tortious conduct hereinabove described.

136.    In addition to the above Counts, each of the Defendants is liable to repair the damages sustained by Breaud as a result of their tortious conduct.


### K. COUNT 12: VICARIOUS LIABILITY

136.    The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

137.    The City of New Orleans is vicariously liable for Defendant Guzman's tortious conduct (Counts 6-11 made pursuant to state law) identified in this Complaint because Defendant St. Martin was acting within the course and scope of her employment as a member of the NOPD at the time she committed these wrongs.

138.    The City of New Orleans is vicariously liable for Defendant Gant's tortious conduct (Counts 6-11 made pursuant to state law) identified in this Complaint because Defendant Gant was acting within the course and scope of his employment as a member of the NOPD at the time he committed these wrongs.

139.    The City of New Orleans is vicariously liable for Defendant St. Martin's tortious conduct (Counts 6-11 made pursuant to state law) identified in this Complaint because Defendant St. Martin was acting within the course and scope of his employment as a member of the NOPD at the time he committed these wrongs.

140.    The City of New Orleans is vicariously liable for Defendant Davis' tortious conduct, is vicariously liable for his tortious activity (Counts 6-11 made pursuant to state law) identified in this Complaint because he was acting within the course and scope of his employment as a member of the Mayor Cantrell's executive staff and at the time he committed these wrongs.

## L. COUNT 13: – CIVIL RICO

141.    The allegations contained in Paragraphs 1-78 herein are realleged and incorporated by reference, as fully set forth herein.

142.    Plaintiff herein asserts her right to a private cause of action under 18 U.S.C. Section 1962 (c) and (d).

143.    This complaint alleges, *inter alia,* violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § § 1961-1968, and is brought by Plaintiff Breaud in connection with a series of schemes, devised, conducted and/or participated in by the individual defendants (sometimes referred to as the "RICO Defendants" or "Enterprise"), each of whom participated in the enterprise. The individual RICO Defendants conducted or participated, directly

or indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering, and conspired to do so, all to the detriment of Plaintiff Anne Breaud.

144.   During the relevant times set forth herein, the RICO Defendants conspired with one another to deny Plaintiff Anne Breaud the freedom to access certain places within the City of New Orleans where Defendant Cantrell was present, such as restaurants in close proximity to Breaud's home as well as New Orleans' City Hall. The multifarious racketeering activities through which the broad objectives of the RICO Defendants were carried out through and consisted of a complex pattern of individual transactions and groups of transactions.

145.   The Enterprise, operating from May 9, 2024 to Present, managed the day to day  in order to shield Defendant Cantrell from public scrutiny and local and federal oversight.

## VI. CONCLUSION

146.   While Cantell falsely painted herself as the victim of a pattern of stalking, harassment and intimidation by Breaud, it is Cantrell who has engaged in a pattern of harassment and character assassination against Breaud, a person wrongly accused by Cantrell of stalking solely because Breaud captured a photograph of Cantrell and Vappie in a compromising position.

147.   Upon learning of Breaud's position through the Motion to Strike, that Breaud was not involved in any of the conduct alleged to be stalking and harassment, Cantrell failed to immediately mitigate the damages by admitting she was wrong and dismissing Breaud from the Order of Protection action.

148.   Instead, Defendant Cantrell instructed her attorney to obtain a continuance of the matter for thirty (30) days during which the temporary restraining order impeding Breaud's activities was extended.

149.    Cantrell's  conduct is particularly egregious given it was directed toward Anne Breaud, a mere citizen of New Orleans and non-public figure, to an bring this action in the first place.

150.    Cantrell has caused Breaud significant financial harm as Breaud was forced to hire an attorney to defend her against the serious defamatory and criminal allegations brought by Cantrell and to work towards fashioning a legal remedy to mitigate the damage done to Breaud's reputation by Cantrell's reckless and malicious actions.

151.    In addition, Breaud has spent a significant amount of time assisting counsel with the preparation of pleadings, reviewing documents and developing a strategy to extricate herself from the reckless mess that Cantrell has so callously created. This has drawn time away from Breaud's own work, causing additional financial harm.

152.    The serious and disgusting false allegations brought against Breaud by Defendant Cantrell have tarnished Breaud's impeccable reputation and disrupted Breaud's personal life causing her mental anguish and emotional distress and adversely affecting her quality of life.

153.    Cantrell brought the Order of Protection/TRO action during and in furtherance of her attempts to deprive Breaud of her constitutionally protected activities, hoping to gain a tactical advantage against Breaud and any other individual or firm willing to expose Cantrell's questionable behavior and paint herself as a victim of the public ridicule by having the Court issue Order of Protection/ TRO against Breaud that would, in effect, severely restrict Breaud's ability to conduct constitutionally protected activities.

## PRAYER FOR RELIEF

**WHEREFORE**, Anne W. Breaud requests that the Defendants hereinabove named be cited to appear and answer, and that on final trial this Honorable Court:

33.

1.  Find that Defendants LaToya W. Cantrell, Clifton Davis II, Leslie D. Guzman, Victor M, Gant, Ryan St. Martin, NOPD, and the City of New Orleans, individually deprived Breaud of a civil right in violation of 42 U.S.C. § 1983;

2.  Find that Defendants Leslie D. Guzman, Victor M. Gant, Ryan St. Martin, NOPD, City of New Orleans, Clifton Davis II, LaToya W. Cantrell and unnamed John/Jane Doe Defendants individually and collectively as part of the Enterprise violated the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725, specifically § 2722(a), (b) and (c);

3.  Find that Defendants Leslie D. Guzman, Victor M. Gant, Ryan St. Martin, NOPD, City of New Orleans, Clifton Davis II, LaToya W. Cantrell and John/Joe Doe Defendants individually and collectively as part of the Enterprise violated the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, *et seq.*

4.  Find that Defendants Leslie D. Guzman, Victor M. Gant, Ryan St. Martin, NOPD, City of New Orleans, Clifton Davis II, LaToya W. Cantrell and John/Joe Doe Defendants individually and collectively as part of the Enterprise violated the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, *et seq.*

5.  Find that Defendants Leslie D. Guzman, Victor M. Gant, Ryan St. Martin, NOPD, City of New Orleans, Clifton Davis II, LaToya W. Cantrell and John/Joe Doe Defendants individually and collectively as part of the Enterprise violated the Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510-2523, *et seq.*

6.  Find that Defendants Leslie D. Guzman, Victor M. Gant, Ryan St. Martin, NOPD, City of New Orleans, and unnamed John/Joe Doe Defendants individually and collectively as part of the

Enterprise violated Anne W. Breaud's Fourth Amendment Right against illegal search and seizures of her private personal information.

7. Find that the allegations contained in Cantrell's *Petition for Protection* made by Defendants LaToya W. Cantrell and Clifton Davis II's against Plaintiff Anne Breaud were false and without merit and which were published into public records constitutes defamation *per se*;

8. Find that Defendant LaToya W. Cantrell's false statements that Anne Breaud engaged in criminal conduct including stalking, harassing, intimidating Breaud and other inappropriate behavior constitute defamation *per se*  responsible for the consequences of LaToya W. Cantrell's actions;

9. Order the City of New Orleans and the NOPD to permanently remove from their records the false statements contained in NOPD Incident Report No. E-08673-24;

10. Enter judgment against the Defendants for actual damages, including, but not limited to attorney's fees and other litigation costs incurred by the Plaintiff Breaud in defending the *Petition for Protection,*  lost income resulting from time spent defending against the Petition for Protection, damage to Plaintiff's reputation and mental anguish and emotional distress, suffered by Plaintiff due to the actions of Defendants in the amount of $500,000 to be allocated among the Defendants as the Court deems appropriate;

11. Enter judgment against Defendants LaToya W. Cantrell, Leslie D. Guzman, Victor Gant, Ryan St. Martin, Clifton Davis II, the City of New Orleans, and other unnamed John and/or Jane Doe defendants for punitive damages in the amount of $500,000.00 for their willful and reckless disregard of the law as provided by 18 U.S.C. § 2724(b)(2);

12.   Find that Defendant Cantrell, assisted by Davis, St. Martin, the NOPD, the City of New Orleans and other unnamed John and/or Jane Doe defendants committed an abuse of process under Louisiana law and enter an award of damages in favor of Breaud;

13.   Find that Defendant Cantrell, assisted by Davis, Guzman, Gant, St. Martin, the NOPD, the City of New Orleans and other unnamed John and/or Jane Doe defendants committed an abuse of right under Louisiana law and enter an award of damages against them in favor of Breaud;

14.   Find that Cantrell, assisted by assisted by Defendants Davis, Guzman, Gant, St. Martin, the NOPD, the City of New Orleans and other unnamed John and/or Jane Doe defendants, committed intentional infliction of emotional distress against Breaud and enter an award of damages against them in favor of Breaud;

15.   Find that Defendant Cantrell, assisted by Defendant Davis committed malicious prosecution and enter an award of damages against her in favor of Breaud;

16.   Find that the Defendants are liable for their tortious conduct (Counts 6-11) under La. Civ. Code art. 2315 and enter an award of damages against them in favor of Plaintiff Breaud;

17.   Find that the City of New Orleans is vicariously liable for the tortious conduct (Counts 6-11 made pursuant to state law) of Cantrell, Davis, Guzman, Gant, St. Martin, the NOPD, and the other unnamed John and/or Jane Doe Defendants;

18.   For attorney's fees and other litigation costs incurred by the Plaintiff in this action to be allocated among the Defendants, pursuant to 42 U.S.C. §§ 1983 and 1988, and 18 U.S.C. §2724(b)(3), and/or other statutory bases as the Court deems appropriate;

36.

19.     Find that the Defendants participated in the Enterprise to violate Plaintiff's constitutionally

protect civil rights.

20.     For such other relief, equitable or otherwise, to which the Plaintiff may be entitled.

Respectfully submitted,

**LAW OFFICES OF JUSTIN B. SCHMIDT, LLC**

/s/  *Justin B. Schmidt*
_____
Justin B. Schmidt (LA Bar No. 25864)
1506 Seventh Street
New Orleans, LA  70115
Telephone: (504) 451-6567
Facsimile:  (504) 370-9079
justinschmidtlaw@gmail.com
***Counsel for Plaintiff Anne W. Breaud***

37.



# METROPOLITAN CRIME COMMISSION, INC.

1615 Poydras Street • Suite 1060 • New Orleans, LA 70112
Phone: (504) 524-3148 • Fax: (504) 566-0658
www.metrocrime.org

April 12, 2024

Keith Sanchez                                               **Transmitted by Email**
Public Integrity Bureau
New Orleans Police Department
715 South Broad St.
New Orleans, LA 70119

Re: Jeffrey Vappie
Officer, New Orleans Police Department
MCC Case #004-24-D

Dear Deputy Chief Sanchez,

A known source contacted the MCC to report observing New Orleans Mayor LaToya Cantrell and New Orleans Police Officer Jeffrey Vappie dining on the balcony of Tableau restaurant (616 Saint Peter St.) in the French Quarter on Sunday, April 7th. The source provided the enclosed photographs, which were taken at approximately 5:48 p.m. on April 7th. The photographs depict Mayor Cantrell sitting across from her Executive Protection Unit member, Officer Vappie, along with wine glasses on the table. The MCC was informed that Officer Vappie was on duty the weekend of April 7th. However, it is unclear if Officer Vappie was performing any executive protection duties and, if so, whether he consumed any alcohol while at Tableau.

The MCC respectfully requests that your office investigate to ascertain if Officer Vappie's behavior and conduct on the weekend of April 7th was at all times in compliance with NOPD procedures and policies, including but not limited to NOPD Operations Manual Chapter 13.38: Employment Conflicts and Chapter 46.6: Executive Protection of City Officials, as well as NOPD policies Rule 2: Moral Conduct, Rule 3: Professional Conduct, and Rule 4: Performance of Duty.

The investigation should include obtaining the April 7th receipt from Tableau and verifying the following:

1) Was it consistent with Executive Protection Unit training and protocols for Officer Vappie to dine with his protectee on the balcony of a restaurant?
2) Was Officer Vappie on duty at the time the picture was taken on April 7th?
3) If so, did Officer Vappie have permission from his supervisor to dine at Tableau with Mayor Cantrell?
4) Did Officer Vappie consume alcohol while at Tableau on April 7th?
5) Who paid for the meal?

Please advise us if we can assist in this matter and inform us of the outcome of your investigation.

Sincerely,

Rafael C. Goyeneche III
President

EXHIBIT A

New Orleans Mayor LaToya Cantrell and New Orleans Police Officer Jeffrey Vappie dining on the balcony of Tableau restaurant (616 Saint Peter St.) in the French Quarter on Sunday, April 7th. The photographs depicted below were taken at approximately 5:45 pm.







E-08673-24

# NEW ORLEANS POLICE DEPARTMENT
## INCIDENT E-08673-24

| Signal | Incident | Occurrence Date/Time | Reported Date/Time | Status | Bulletin | Domestic Violence | Hate Crime |
|---|---|---|---|---|---|---|---|
| 21 | MISCELLANEOUS INCIDENT | 5/9/2024 1:00 PM | 5/9/2024 1:00 PM | OPEN | NO | NO | NO |
| **Location** | | | | | | **Dist/Zone/Sub** | **Lighting** |
| 1300 PERDIDO ST | | | | | | 8J02 | GOOD |
| **Cleared by Exception Type** | | | **Exception Clearance Date** | | | **NOPD Lost/Stolen Property** | |
| | | | | | | NO | |

## VICTIM PERSONS

**#1      VICTIM**

| Last Name | First Name | Race | Sex | DOB | Age Estimated/Age |
|---|---|---|---|---|---|
| KNOWN | KNOWN | BLACK | FEMALE | | |
| **Home Address** | | **Home Phone** | **SSN** | **Driver's License** | |
| | | | | | |
| **Work Address** | | **Work Phone** | **Occupation** | | |
| | | | | | |
| **Sobriety** | **Injury** | **Treated** | **Victim Type** | **Email Address** | |
| | NONE | | ORLEANS RESIDENT | | |
| **English Proficiency** | **Language Access** | | **Language** | **Was Officer Assaulted or Killed** | |
| | | | | | |
| **Was Incident Outside Jurisdiction** | **Officer Activity Type** | | **Officer Assignment Type** | | |

## OFFENDERS

**OFFENDER 1      WANTED**

| Last Name | First Name | Nickname | Race/Ethnicity | Sex | DOB | Age Estimated/Age | Height | Weight |
|---|---|---|---|---|---|---|---|---|
| | | | WHITE | FEMALE | | N/A / N/A | 5'7 | |
| **Home Address** | | | | **SSN** | **SID** | **Driver's License** | | |
| **Arrest Location** | | **Dist/Zone/Sub** | | **Arrest Date/Time** | | **Arrest Credit** | | |
| **Sobriety** | **Injury** | | **Treated** | **Rights Form** | | **Transported By** | **Unit** | |
| **Arrest Type** | **Resident Status** | | **Juvenile Disposition** | | | | | |
| | ORLEANS RESIDENT | | | | | | | |
| **English Proficiency** | **Language Access** | | | | **Language** | | | |
| **Injured While In Custody** | | **Injured While In Custody - Injury Type** | | | **Died While In Custody** | | | |
| **Arrestee Armed At Time Of Arrest** | | **Arrestee Armed - Weapon Type** | | | | | | |

| Reporting Officer #1 | | Badge | Emp. ID | Reporting Officer #2 | | Badge | Emp. ID | Car Number | Platoon |
|---|---|---|---|---|---|---|---|---|---|
| SENIOR POLICE OFFICER LESLIE D. GUZMAN | | 1999 | 18545 | | | 0 | | 2063 | NA |
| **Detective Assigned** | | | | **Approving Supervisor** | | **Badge** | **Crime Lab** | **Other** | |
| | | | | SERGEANT VICTOR M. GANT | | 416 | | SGT. VICTOR GANT | |

E-08673-24

EXHIBIT B

## CHARGES

| Charge | Victim No. | Relationship |
|---|---|---|
| LA R.S. 14 40.2 STALKING: LA R.S. 14:40.2 RELATIVE TO STALKING, FOLLOWING, TAKING UNSOLICITED PHOTOGRAPHS | 1 | STRANGER |

## OFFENDER DESCRIPTORS

| 01 Build | 02 Oddities | 03 Scars | 04 Tattoos | 05 Apparel |
|---|---|---|---|---|
| 06 Speech | 07 Accent | 08 Facial Odd. | 09 Eyes | 10 Nose |
| | | | 04 Green | |
| 11 Teeth | 12 Hair Color | 13 Hair Style | 14 Facial Hair | 15 Complexion |
| | 03 Brown | 09 Long | | 05 Light |

**Additional Description**

## MODUS OPERANDI

| 16 Criminal Activity | 17 Motive | 18 Targets | Gang Information |
|---|---|---|---|
| | 18 Not Applicable | 05 Person | |
| 19 Method of Entry | 20 Point of Entry/Exit | 21 Security Used | Security Defeated |
| 22 Residential | 23 Outdoor Area | 24 Comm. Establishment | 25 Public Access Area |
| | 01 Street/Road/Alley | | |
| 26 Movable | 27 Structure Type | 28 Structure Status | |
| 29 Off. Approach | 30 Impersonated | 31 Weapon | 32 Firearm Features |
| 03 Cased Target | | | |
| 04 Followed On Foot | | | |
| 05 Followed In Vehicle | | | |
| 33 Property Crimes | 34 Person Crimes | Sex Crime Specific | |

**Bias Motivation**

99 Unknown
(Offender's Motivation
Not Known)

**Additional Descriptions**

HARASSMENT, FOLLOWING, TAKING UNWANTED PHOTOGRAPHS AND DISTRIBUTING SUCH IMAGES TO THE MEDIA OUTLETS

LAW ENFORCEMENT USE ONLY

## NARRATIVE

ON THURSDAY, MAY 09, 2024, AT ABOUT 1:00PM, NOPD SENIOR POLICE OFFICER LESLIE, UNIT 2063, WAS ASSIGNED TO CONDUCT AN INVESTIGATION REGARDING A MISCELLANEOUS COMPLAINT, AT 1300 PERDIDO STREET (CITY HALL).

UPON ARRIVAL, SPO GUZMAN MET WITH THE VICTIM (KNOWN PARTY), WHO ADVISED SHE IS BEING HARASSED/FOLLOWED BY A FEMALE WITH THE NAME OF ██████████ W/F, DOB ██████████ WHO HAS BEEN PHOTOGRAPHING HER AND DISTRIBUTING SAID IMAGES TO THE MEDIA OUTLETS.

THE VICTIM ADVISED THE LAST TIME SHE OBSERVED ██████ FOLLOW HER AND TAKE MORE UNSOLICITED IMAGES WAS ON SUNDAY, APRIL 7, 2024 AT ABOUT 1:30PM.

THE VICTIM ADVISED SHE HAD ASKED ██████ TO STOP FOLLOWING HER AND TO STOP TAKING HER PHOTOGRAPHS, TO WHICH THE SUBJECT HAS PERSISTENDLY CONTINUED TO DO SO.

THE VICTIM COMPLAINED THAT SHE FEELS UNSAFE AND FRIGHTENED BY THE MENACING BEHAVIOUR OF ██████ TO THE POINT SHE IS AFRAID FOR HER SAFETY AND HER LOVED ONES.

SHE CONTINUED BY ASKING INSTRUCTIONS TO FOLLOW A STAY AWAY ORDER TO HAVE ██████ SERVED BY THE COURTS, TO WHICH SPO GUZMAN PROVIDED INFORMATION TO THE VICTIM.

██████ HAD A CRIMINAL HISTORY FOR AGGRAVATED BATTERY (ARRESTED IN 2016 IN ASSUMPTION PARISH). THE SUBJECT CURRENTLY RESIDES AT ██████████████, APARTMENT █. SHE HA ALSO GIVEN THE ADDRESSES OF ██████████████████████ IN THE PAST. SHE ALSO HAD USED MIDDLE INITAL 'W' FOR WATKINS.

SPO GUZMAN NOTIFIED SERGEANT VICTOR GANT OF THE ABOVE INFORMATION.

PLEASE NOTE, SPO GUZMAN DOES NOT WEAR A BODY WORN CAMERA, THEREFORE THE INCIDENT REPORTED WAS NOT RECORDED.

ANY ADDITIONAL INFORMATION WILL BE SUBMITTED VIA SUPPLEMENTAL REPORT.



LAW ENFORCEMENT USE ONLY

FILED

*LaToya W. Cantrell* 2024 MA... Civil District COURT

PETITIONER

PARISH/CITY OF *Orleans*

v.

STATE OF LOUISIANA

*Anne W. Breaud* DISTRICT COURT  NO. *2024-04268*

DEFENDANT

DIVISION: _____  DOMESTIC RELATIONS

Parent/Guardian name if defendant is a minor

FILED: _____  CLERK:  SECTION 2

## PETITION FOR PROTECTION FROM STALKING OR SEXUAL ASSAULT
Pursuant to La. R.S. 46:2171 et seq. or La. R.S. 46:2181 et seq.

This petition is: ☑ Initial Petition ☐ Supplemental and Amending Petition

The petition of *LaToya W. Cantrell* , born *4 / 03 / 1972*

your name                                  month/day/year

a resident of the State of Louisiana, respectfully represents:

### Paragraph 1: Petitioner/Protected Person(s)

Petitioner files this petition on behalf of:

a. ☒ Petitioner, and/or

b. ____ Minor child(ren) as follows: (Name, Date of Birth, Relationship to Petitioner)

_____ _____ _____
_____ _____ _____
_____ _____ _____
_____ _____ _____
_____ _____ _____

c. ____ Alleged incompetent as follows: (Name, Date of Birth, Relationship to Petitioner)

_____ _____ _____
_____ _____ _____

### Paragraph 2: Protected Person(s) Address

a. ____ Petitioner requests that his/her address, or that of the minor child(ren) or alleged incompetent, remain confidential to the court and files the address pursuant to La. R.S. 46:2134(B).
**(Ask clerk of court for the Confidential Address Form.)**

**OR**

b. ☒ Petitioner's current address: *3623 Louisiana Avenue Parkway*
No. & Street                                        Apt. No.
*New Orleans, LA*        *70125*
City                          State      Zip Code

c. ____ The minor child's or alleged incompetent's current address:

_____ _____
No. & Street                              Apt. No.

_____ _____
City                        State      Zip Code

### Paragraph 3: Special Requests

a. ____ Petitioner requests interpreter service, for:

☐ self/protected person, in following language: _____
☐ witness(es), in following language: _____

Page 1 of 7

LPOR D
v.14

EXHIBIT C

b.  ☒  Petitioner requests criminal history record from sheriff for:

☒ defendant

☐ witness(es) (see information on Addendum, page 8)

**Paragraph 4:  Defendant Address**

Anne W. Breaud , defendant, resides in  Orleans  Parish at
*Abuser's Name*

540 St. Peter B.  LA  70116

*No. & Street*   *Apt. No.*   *State*  *Zip Code*

**Paragraph 5:  Venue**

This Court is the proper venue for this action because:

☒  The defendant resides in  Orleans  Parish.

☒  The stalking/sexual assault occurred in  Orleans  Parish.

☒  The protected person(s) resides in  Orleans  Parish.
*(Do not fill this out if address is to remain confidential.)*

**Paragraph 6:  Relationship**

The defendant is an acquaintance of or stranger/unknown to the protected person(s).

**Paragraph 7:  Description of stalking/sexual assault**

a.  **Stalking** (La. R.S. 46:2171 et seq.):  Defendant intentionally and repeatedly engaged in the following behavior(s) which caused the protected person to feel alarmed or to suffer emotional distress:

☒  Followed protected person(s)

☒  Harassed protected person(s)

___  Uninvited presence at protected person(s)' home

___  Uninvited presence at protected person(s)' workplace

___  Uninvited presence at protected person(s)' school

☒  Uninvited presence at other places

___  Made/sent telephone calls, texts, emails or other electronic communications to protected person(s)

☒  Sent messages via a third party, letters, pictures, public posts to social media

___  Sent unwanted gifts to protected person(s)

___  Implied or threatened protected person(s) with bodily injury

___  Implied or threatened protected person(s)' life

___  Used tracking device to monitor protected person(s)

___  Stalked, harmed/threatened to harm protected person(s) or member of protected person(s)' family or acquaintance of protected person(s)

___  Implied or threatened protected person(s) with kidnapping

___  Implied or threatened protected person(s) with sexual assault

___  Possessed a dangerous weapon during any of the foregoing behaviors

___  Threatened protected person(s) with a dangerous weapon

☒  Other: Actions of the defendant have placed me and my family in greater risk of being harmed, Jeopardizing my safety especially at places I frequent.

b.  **Sexual assault** (La. R.S. 46:2181 et seq.):  Defendant intentionally assaulted the protected person in the following manner:

___  Touched the protected person's genitals, anus, breasts or buttocks (either directly or through clothing) using defendant's body part(s) or other objects, without consent.

___  Forced the protected person to touch the defendant's genitals, anus, breasts or buttocks (either directly or through clothing) using protected person's body part(s) or other objects.

___  Penetrated the protected person's vagina or anus using defendant's body part(s) or other objects, without consent.

___  Forced the protected person to penetrate the defendant's vagina or anus, using protected person's body part(s) or other objects.

___  Displayed genitals, anus, and/or female breast nipples to protected person without consent, in a public place or prison/jail.

___  Deceived the protected person into engaging in anal, oral or vaginal intercourse with the defendant by misrepresenting themselves as someone else known to the protected person.

___  Sent an electronic communication, letter, photograph, or drawing containing sexually explicit materials or content to the protected person without consent.

LPOR D
v.14

FILED

2024 MAY 10 PM 3: 41

CIVIL
DISTRICT COURT

____ Exposed the protected person to the HIV/AIDS virus through sexual contact without the knowing and lawful consent of the protected person.

____ Viewed or spied on the protected person at a private residence without consent for defendant's sexual gratification.

____ Used an image or video recording device to view or observe the protected person without consent for a lewd or lascivious purpose.

____ Electronically transferred an image or video of the protected person obtained by the above without the consent of the protected person.

____ Gave a drug, narcotic, anesthetic, intoxicant agent or other controlled dangerous substance to the protected person without her/his consent.

____ Possessed a dangerous weapon at the time of any of the foregoing behaviors.

____ Threatened the protected person with a dangerous weapon during any of the foregoing behaviors.

____ Other: _____

_____

_____

c.  The facts and circumstances of stalking or sexual assault are as follows:

The most recent incident of stalking or sexual assault which caused petitioner to file this petition happened on or about **4 / 07 / 2024** (date) at which time the defendant did:

The defendant agressively photographed and harassed me while having lunch on a restaurant balcony. The defendant went out of her way to be certain, I felt her presence and to notice that she was capturing countless photos of me. The defendant then proceeded to the street to find my vehicle, where she captured additional photos and video. The defendant also made several phone calls in my sight. The defendants photos were made available to Fox 8 news as she has consistently done over the past two years.

_____

Past incidents: The defendant has been the source of photographs and video (over 800 hours of video) that has been used to attack, dehumanize, weaponize my character and has caused harm; risking my overall safety. The defendant has a history of assault and I am not safe.

_____

_____

LPOR D
v.14

**Paragraph 8:  Requests for relief**

Because of the immediate and present danger of stalking, or sexual assault, petitioner requests that an *ex parte* Temporary Restraining Order be issued immediately without bond:

X    a.    prohibiting defendant from abusing, harassing, assaulting, stalking, following, tracking, monitoring, or threatening the protected person(s) in any manner whatsoever.  This prohibition includes the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury.

X    b.    prohibiting the  defendant  from contacting the protected person(s) personally, through a third party, or via public posting, by any means, including written, telephone, or electronic (text, email, messaging, or social media) communication, or sending gifts to the protected person(s).

X    c.    prohibiting defendant from going within one hundred (100) yards of the residence, apartment complex, or multiple   family dwelling of the protected person(s) located at:

X    d.    ordering the defendant to stay away from the protected person(s)' place of employment/school and not to interfere in any manner with such employment/school located at:

| 1300 Perdido Street | New Orleans, | LA | 70112 |
|---|---|---|---|
| Employment/School      Address | City | State | Zip Code |
|  |  |  |  |
| Employment/School      Address | City | State | Zip Code |

_____ e.    ordering the defendant not to damage any belongings of the protected person(s), not to shut off any utilities, telephone service, or mail delivery to the protected person(s), or in any way interfere with the living conditions of the protected person(s).

_____ f.    granting the petitioner or protected person(s) the use of the residence located at:

|  |  |  |  |
|---|---|---|---|
| No. & Street    Apt. No. | City | State | Zip Code |

to the exclusion of defendant by **evicting** defendant and ordering the defendant to surrender any keys to that residence to the petitioner, and ordering _____ (Sheriff's office) to **evict** the defendant.

Said residence is: .

_____ jointly owned by defendant and petitioner or protected person(s).
_____ jointly leased by defendant and petitioner or protected person(s).
_____ solely owned or leased by petitioner or protected person(s).

Presently occupied by _____

_____ g.    granting petitioner or protected person(s) possession of the following property (including pets or other animals) **solely** **owned or leased by petitioner or protected person(s)** (state location of each by street address and who is presently in possession).

_____
_____
_____
_____

granting petitioner or protected person(s) the exclusive use and possession of the following property (including pets or other animals) **jointly** **owned or leased by petitioner or protected person(s)** (state location of each by street address and who is presently in possession).

_____
_____
_____
_____

for the following reasons: _____

_____
_____

LPOR D
v.14

And ordering _____ (Sheriff's office) to accompany petitioner to where the above listed property is located to allow petitioner to take possession.

_____ h.   prohibiting either party from transferring, encumbering, or otherwise disposing of property jointly owned or leased, except in the normal course of business or necessary for the support of the petitioner and/or the minor child(ren) or alleged incompetent.

_____ i.   allowing _____ to return to the residence at a date and time to be agreed upon by petitioner and law enforcement agency, to recover his/her personal clothing and necessities, only if s/he is accompanied by a law enforcement officer to ensure the protection and safety of the parties.  NO FORCED ENTRY ALLOWED.

_____ j.   ordering a representative of _____ (Sheriff's office) to

accompany _____ to the family residence to recover her/his personal clothing and necessities.

_____ k.   prohibiting the defendant from contacting protected person(s) family members, or individuals with whom protected person(s) is acquainted.

### Paragraph 9:  Other Requests

Petitioner desires that a rule issue herein ordering defendant to show cause why the orders requested in Paragraph 8 should not be made into protective orders, and why defendant should not also be ordered:

☒   to seek professional counseling
☒   to submit to a medical evaluation and/or a mental health evaluation
☒   to pay costs of court in this matter.
☒   to pay attorney fees
☐   to pay evaluation fees
☒   to pay expert witness fees
☒   to pay cost of medical / psychological care for the protected person(s), necessitated by the stalking and sexual assault
☐   to vacate the residence or household, thereby granting petitioner possession thereof
☐   other: _____

### PRAYER

WHEREFORE, petitioner prays that service and citation issue herein, and that: *(check all that apply)*

☐   orders appointing an interpreter be granted *ex parte*.
☒   orders authorizing criminal history records be granted *ex parte*.
☒   orders requested in Paragraph 8 be granted *ex parte*.
☒   a rule issue to show cause why protective orders as requested in Paragraph 9 should not be granted.
☒   defendant be cast with costs.
☒   defendant be advised of penalties for violating Stalking or Sexual Assault Prevention Orders.
☒   all other equitable relief as the court deems proper and necessary.

Respectfully submitted by    _____
                                            PETITIONER, IN PROPER PERSON

_____   _____   _____
ATTORNEY Signature                          Print Name                                      La. Bar Roll No.

_____   _____
Phone No.                                       Physical Address

_____
Alternate Address (for service)

PLEASE SERVE DEFENDANT: _____ personally at his/her home or place of employment at the following address:

_____        _____
_____        _____
_____   OR   _____

LPOR D
v.14

**AFFIRMATION**

FILED

2024 MAY 10 PM 3:41

CIVIL
DISTRICT COURT

STATE OF LOUISIANA

PARISH OF _____ Orleans _____

I am the petitioner in this Petition for Protection from Stalking or Sexual Abuse; I have read the allegations contained therein and declared them to be true and correct to the best of my knowledge, information, and belief. Further I believe that the defendant poses a threat to my safety and/or to the child(ren) or to others for whom I have requested relief.

I am aware that any false statement made under oath contained in the foregoing petition and this affirmation may constitute perjury pursuant to R.S. 14:123.

I have made this affirmation before the witness who signed below on  5/10/24  (Date).

PETITIONER SIGNATURE

PRINTED NAME OF WITNESS: _Clifton M. Davis III_

WITNESS SIGNATURE

LPOR D
v.14

FILED

2024 MAY 10  PM 3:41

CIVIL
DISTRICT COURT

**ADDENDUM**

Fill out the following ONLY if requesting an order for witness criminal history records in Paragraph 3 on page 1 of this petition:

**Identifying information for witness criminal history record:**

| Full legal name | Date of birth | Address* | Race* | Sex* | Other identifiers* |
|---|---|---|---|---|---|
| Anne W. Breard | ███ | 540 St. Peter Apt. B | W | F | SSN: ███ |
| | | | | | |
| | | | | | |
| | | | | | |

*optional

W. Stands for Watkins.

Anne Watkins Breard

LPOR D
v.14

FILED   (N.O.P.D. Form 26)

NEW ORLEANS POLICE DEPARTMENT   2024 MAY 10 PM 3: 41

ITEM NO. *E - 08673-24*   SIGNAL NO. *Misc*

DATE OF OCCURRENCE *5/9/24*   DISTRICT COMP. / CAR NO. *2063*

LOCATION OF OCCURRENCE *1300 Perdido St.*

TYPE & TIME OF REPORT *Misc. Incident (Stay away order)*

OFFICER(S) *Leslie D. Guzman*   DISTRICT *8TH*

REPORT MAY BE AVAILABLE IN 14 - 21 WORKING DAYS. A COPY MAY BE OBTAINED FOR A FEE, VIA U.S. MAIL OR FROM POLICE HEADQUARTERS, FIRST FLOOR, RECORDS AND IDENTIFICATION DIVISION, 715 S. BROAD ST., NEW ORLEANS, LA 70119. OPEN FOR **PICKUP** 8:30 AM TO 3:30 PM, M-W-F. CLOSED ON TU-TH, HOLIDAYS AND WEEKENDS. **OUR TELEPHONE # IS (504) 658-5455.** FOR ADDITIONAL INFORMATION, PLEASE GO TO WEBSITE: https://nola.nextrequest.com/

## PLEASE BRING THIS SLIP WITH YOU.

NOPD FORM # 26                                    Revised 02/21

NAME
ADDRESS  _____

NAME
ADDRESS  _____

REMARKS:  _____

AS A VICTIM/WITNESS, YOU MAY BE CONTACTED BY THE NOPD OR ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE REGARDING THIS MATTER.

**IT ISYOUR LEGAL RIGHT TO REFUSE TO SPEAK TO ANYONE WHO IS NOT AN NOPD INVESTIGATING OFFICER OR A MEMBER OF THE D.A.'S OFFICE.**

IF ANYONE ATTEMPTS TO COTNACT YOU TO DISCUSS THIS MATTER, IT IS YOUR RIGHT TO REQUEST AND TO OBTAIN THE FULL IDENTITY AND EMPLOYER OF SUCH PERSONS FOR YOUR SAFETY.

ALL NEW ORLEANS POLICE AND D.A. STAFF WILL HAVE CLEARLY MARKED IDENTIFICATION AS "NEW ORLEANS POLICE DEPARTMENT" OR "ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE".

**EXAMINE ANY ID'S, BADGES OR OTHER DOCUMENTS CAREFULLY.**

IF THERE IS ANY DOUBT, PLEASE CALL THE NOPD @ _____ OR THE D.A.'S OFFICE @ _____ TO VERIFY ANYONE'S IDENTITY.

FILED

2024 MAY 10  PM 3:41

CIVIL
DISTRICT COURT



FILED

2024 MAY 10  PM 3: 41

CIVIL
DISTRICT COURT

**LOUISIANA UNIFORM ABUSE PREVENTION ORDER**

**Order of Protection**

Temporary Restraining Order

| | |
|---|---|
| Docket No. | |
| Court: | |
| City/Parish | State **Louisiana** |
| Filed: | Clerk: |

**PETITIONER**

| First | Middle | Last |
|---|---|---|
| LATOYA | N. | CANTRELL |

**PETITIONER IDENTIFIERS**

| Date of birth | Race | Sex: Fe | Sex: M |
|---|---|---|---|
| 4 / 03 / 1972 | BLK | F | |

Protected person is:  ☒ Petitioner   ☐ Other(s)   *List other(s) name & date of birth:*

**V.**

**DEFENDANT NAME AND ADDRESS**

| First | Middle | Last |
|---|---|---|
| Anne | Watkins | Breaud |

Name of minor defendant's parent or guardian

Defendant's Alias:

540 Saint Peter B.
No. & Street                                Apt. No.
New Orleans, LA 70116
City            State        Zip Code

**DEFENDANT IDENTIFIERS**

| SEX | RACE | DOB | | HT | WT |
|---|---|---|---|---|---|
| F | WHT | ▮▮▮▮▮ | | | |
| EYES | HAIR | | | | |
| | Blonde | | | | |
| DRIVER'S LICENSE # | | | STATE | EXP DATE | |

**THE COURT HEREBY FINDS:**

That is has jurisdiction over the parties and subject matter, and the defendant has been or will be provided with reasonable notice and opportunity to be heard.  Additional findings of this court are as set forth on the following pages.

**THE COURT HEREBY ORDERS:**

That the above-named defendant be restrained from committing further acts of abuse or threats of abuse, stalking or sexual assault.  Additional terms of this order are as set forth on the following pages.

**EXPIRATION:**

This order shall be effective through 11:59 PM on

*(month/day/year)*

**ENFORCEMENT:**

This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. Section 2265).

**WARNINGS TO DEFENDANT:**

Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. Section 2262).

Federal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition (19 U.S.C. Section 922[g][8]).  See further notice on page 6 of this Order.

**ONLY THE COURT CAN CHANGE THIS ORDER.**

Page 1 of 7

LPOR 1
v.14



VERIFIED

FILED

| LOUISIANA UNIFORM ABUSE PREVENTION ORDER |
|---|

**TEMPORARY RESTRAINING ORDER**

2024 MAY 10 PM 3:41

Pursuant to:

CIVIL

| ☐ La. R.S. 46:2131 et seq. (Domestic Abuse) | ☐ La. R.S. 46:2171 et seq. (Non-intimate stalking) DIST COURT | ☐ 46:2171 and 46:2181 valid for relationships in Box C below ONLY |
|---|---|---|
| ☐ La. R.S. 46:2151 (Dating Violence) | ☐ La. R.S. 46:2181 et seq. (Non-intimate sexual assault) | |
| ☐ La. Ch. C. Article 1564 et seq. (Children's Code Domestic Abuse) | | |

PETITIONER  **LATOYA W. Cantrell**    Protected person is: ☒ Petitioner ☐ other(s)

v.

DEFENDANT  **Anne W. Breaud**

---

The protected person(s) is related to the defendant as: *(check all that apply)*

**A**
☐ 1. current or former spouse
☐ 2. current or former intimate cohabitant
☐ 3. child, stepchild, or foster child
☐ 4. child of defendant's current or former intimate partner
☐ 5. protected person and defendant have a child(ren) in common

**B**
☐ 1. current or former dating partner
☐ 2. parent, stepparent, or foster parent
☐ 3. grandparent or other ascendant
☐ 4. grandchild or other descendant
☐ 5. child currently or formerly living with defendant

**C**
*Select ONLY if statute 46:2171 or 46:2181 is marked above*
☒ 1. stranger/no relationship
☐ 2. acquaintance

---

**D** ☐ **FINDING: Domestic Abuse or Dating Violence**
THE COURT FINDS THAT THE ALLEGATIONS PRESENTED CONSTITUTE AN IMMEDIATE AND PRESENT DANGER TO THE PHYSICAL SAFETY OF THE PROTECTED PERSON(S).

☒ **FINDING: Stalking**
THE COURT FINDS THAT THE ALLEGATIONS PRESENTED CONSTITUTE AN IMMEDIATE AND PRESENT DANGER OF STALKING.

☐ **FINDING: Sexual Assault**
THE COURT FINDS THAT THE ALLEGATIONS PRESENTED CONSTITUTE A SEXUAL ASSAULT.

THUS, THE COURT ISSUES THE FOLLOWING ORDERS, WITHOUT A HEARING:

---

**E** ☐ The court orders interpreter services    ☒ The court orders the sheriff to provide criminal history records of defendant and/or witnesses

IT IS ORDERED THAT THE DEFENDANT BE SERVED WITH A COPY OF THIS ORDER.

LPOR 1
v.14

Docket No. _____

| **DOMESTIC ABUSE, DATING VIOLENCE, STALKING OR SEXUAL ASSAULT** |
|:---:|
| **ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY** |

____ ☐1.  THE DEFENDANT IS ORDERED NOT TO abuse, harass, assault, stalk, follow, track, monitor, or threaten the protected person(s) in any manner whatsoever.  This prohibition includes the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury.

____ ☐2.  THE DEFENDANT IS ORDERED NOT TO contact the protected person(s) personally, through a third party, or via public posting, by any means, including written, telephone, or electronic (text, email, messaging, or social media) communication without the express written permission of this court.
Exceptions (if any):_____
_____
_____

____ ☐3.  THE DEFENDANT IS ORDERED NOT TO go within _____ *(distance)* of the protected person(s), without the express written permission of this court.
Exceptions (if any):_____
_____
_____

____ ☐4.  THE DEFENDANT IS ORDERED NOT TO go within one hundred (100) yards of the residence, apartment complex, or multiple family dwelling of the protected person(s).

| No. & Street | Apt. No. | City | State | Zip Code |
|---|---|---|---|---|

____ ☐5.  THE DEFENDANT IS ORDERED TO STAY AWAY from protected person(s)' place of employment/school and not to interfere in any manner with such employment/school.

| Employment/School | Address | City | State | Zip Code |
|---|---|---|---|---|
| Employment/School | Address | City | State | Zip Code |

____ ☐6.  THE DEFENDANT IS ORDERED NOT TO damage any belongings or property of the protected person(s) and not to shut off any utilities, telephone service, or mail delivery to the protected person(s) or in any way interfere with the living conditions of the protected person(s).

____ ☐7.  THE COURT GRANTS THE PETITIONER or protected person(s) the use of the residence   located at:

| No. & Street | Apt. No. | City | State | Zip Code |
|---|---|---|---|---|

to the exclusion of defendant by **evicting** defendant.  The Court orders the defendant to surrender any keys to that residence to the petitioner.

_____ (Sheriff's office) is ordered to **evict** the defendant.

____ ☐8.  THE COURT GRANTS THE PETITIONER or protected person(s) the use and possession of the following property (including pets or other animals) and/or the return of protected person(s) property:

_____
_____
_____
_____
_____
_____
_____

____ ☐9.  THE COURT ORDERS a representative of _____(Sheriff's office) to accompany petitioner to obtain property listed in Order No. 8 above.

LPOR 1
v.14



Docket No. _____

____ ☐10.   THE COURT PROHIBITS EITHER PARTY from transferring, encumbering, or otherwise disposing of property jointly owned or leased, except in the normal course of business or that which is necessary for the support of the petitioner and/or the minor child(ren).

____ ☐11.   THE COURT WILL ALLOW _____ to return to the residence at a date and time to be agreed upon by petitioner and law enforcement agency to recover his/her personal clothing and necessities, provided that s/he is accompanied by a law enforcement officer to ensure the protection and safety of the parties.  NO FORCED ENTRY ALLOWED.

____ ☐12.   THE COURT ORDERS a representative of _____ (Sheriff's office) to accompany _____ to the residence located at _____ to recover her/his personal clothing and necessities.

---

**DOMESTIC ABUSE, DATING VIOLENCE ONLY**
ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY

---

____ ☐13.   THE COURT GRANTS TEMPORARY CUSTODY of the following child(ren) or alleged incompetent to the petitioner: *(name, date of birth, and relationship to petitioner)*

_____

_____

____ ☐14.   THE COURT ORDERS a representative of _____ (Sheriff's office) to accompany petitioner to where the minor child(ren) or alleged incompetent mentioned in paragraph above is/are currently, and to effect petitioner obtaining physical custody of said child(ren) or alleged incompetent.

____ ☐15.   THE DEFENDANT IS ORDERED NOT TO interfere with the physical custody of the minor child(ren) or alleged incompetent.

____ ☐16.   THE DEFENDANT IS ORDERED TO show cause on the below hearing date why s/he should not be evicted from the solely owned residence or household and the petitioner granted possession.

____ ☐17.   THE DEFENDANT IS ORDERED TO show cause on the below hearing date why s/he should not be ordered to pay child support and/or spousal support (alimony) pursuant to Louisiana Law.  **The court further orders the defendant to produce at the hearing: most recent income tax returns AND pay stubs or an employer statement documenting gross income to date for the CURRENT year.  If the defendant is self-employed, income and expense statements shall be produced.**

---

**STALKING, SEXUAL ASSAULT ONLY**
ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY

---

____ ☐18.   THE DEFENDANT IS ORDERED NOT TO contact family members or acquaintances of the protected person(s).

---

**DOMESTIC ABUSE, DATING VIOLENCE, STALKING OR SEXUAL ASSAULT**
ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY

---

____ ☐19.   THE DEFENDANT IS ORDERED TO show cause on the below hearing date why s/he should not be ordered to pay the following:

☐ all court costs            ☐ attorney fees

☐ evaluation fees          ☐ expert witness fees

☐ cost of medical and/or psychological care for the petitioner, the minor child(ren), alleged incompetent, and/or other protected person(s) necessitated by the domestic abuse, dating violence, stalking or sexual assault.

____ ☐20.   THE DEFENDANT IS ORDERED TO show cause on the below hearing date why s/he should not be ordered to seek professional counseling, complete a court-monitored domestic abuse intervention program, submit to a medical evaluation and/or submit to a mental health evaluation.

LPOR 1
v.14



FILED

Docket No. _____

___ □21.   Other:

2024 MAY 10  PM 3:41

CIVIL
DISTRICT COURT

---

IT IS FURTHER ORDERED THAT DEFENDANT show cause on _____ (month/day/year)

at _____ o'clock _____. M. in Courtroom No. _____ of the _____ Court, located

at _____ in _____, La., why the

above Temporary Restraining Order and other relief requested should not be made Protective Orders.

---

| Date of Order | Time of Order | Order effective through 11:59 PM on | SIGNATURE OF JUDGE<br>□ Order issued *ex parte*<br>□ Order issued after notice and opportunity for hearing given to defendant |
|---|---|---|---|
| *month/day/year* | □AM □PM | *month/day/year* | **PRINT OR STAMP JUDGE'S NAME** |

NOTICE: C.C.P. Article 3603.1 - Any person against whom such an order is issued shall be entitled to a court-appointed
attorney if the applicant has likewise been afforded a court-appointed attorney.

---

**NOTICE TO DEFENDANT - VIOLATION OF ORDER:**

PURSUANT TO LA. R.S. 14:79, A PERSON WHO VIOLATES THIS ORDER MAY BE ARRESTED, JAILED, AND
PROSECUTED.

PURSUANT TO LA. R.S. 13:4611 AND LA. CH. C. ARTICLE 1571, A PERSON WHO VIOLATES THIS ORDER MAY BE
PUNISHED FOR CONTEMPT OF COURT BY A FINE OF NOT MORE THAN $1,000 OR BY CONFINEMENT IN JAIL FOR AS
LONG AS 6 MONTHS, OR BOTH, AND MAY BE FURTHER PUNISHED UNDER CRIMINAL LAWS OF THE STATE OF
LOUISIANA. THIS ORDER SHALL BE ENFORCED BY ALL LAW ENFORCEMENT OFFICERS AND COURTS OF THE STATE
OF LOUISIANA.

LPOR 1
v.14



Docket No. _____

---

**NOTICE TO DEFENDANT – FIREARM <u>POSSESSION</u> (*Domestic abuse or dating violence ONLY*):**

AS A RESULT OF THIS ORDER, IT MAY BE UNLAWFUL FOR YOU TO POSSESS, RECEIVE, SHIP, TRANSPORT OR PURCHASE A FIREARM, INCLUDING A RIFLE, PISTOL, OR REVOLVER, OR AMMUNITION, FOR THE DURATION OF THIS ORDER PURSUANT TO STATE AND/OR FEDERAL LAWS. See below.

*If you have any questions whether these laws make it illegal for you to possess or purchase a firearm or ammunition, consult an attorney.*

<u>Federal law: 18 U.S.C. 922 (g)(8)</u> prohibits a defendant from purchasing, possessing, shipping, transporting, or receiving firearms or ammunition* for the **duration** of this order if the following conditions apply:

- Protected person(s) relationship to defendant is checked in Box **A** on page 2 of this order **AND**
- Notice and opportunity for a hearing provided **AND**
- **EITHER** Judicial finding of credible threat, **OR** Certain behaviors are prohibited (item 1 on page 3 of this order is initialed)

*Under 18 U.S.C. 921 the term "*firearm*" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm. The term "*ammunition*" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.*

---

**NOTICE TO DEFENDANT – FIREARM <u>TRANSFER</u> AND SUSPENSION OF CONCEALED HANDGUN PERMIT**
(*Domestic abuse or dating violence ONLY*)

IF A <u>PROTECTIVE ORDER</u> IS ISSUED AGAINST YOU, YOU MAY BE REQUIRED TO TRANSFER ANY AND ALL FIREARMS OWNED OR POSSESSED BY YOU AND SURRENDER YOUR CONCEALED HANDGUN PERMIT.  AS YOU MAY ALSO BE REQUIRED TO STATE UNDER OATH THE NUMBER OF FIREARMS YOU POSSESS, THE TYPE AND LOCATION OF EACH AND COMPLETE A FIREARMS INFORMATION FORM VERIFYING SUCH, BRING THIS INFORMATION TO THE HEARING.  THE INFORMATION MAY BE REQUIRED EVEN IF YOU TRANSFERRED THE FIREARMS PRIOR TO THE TRANSFER ORDER.

<u>Louisiana law: C.Cr.P. Art. 1001 et seq.</u> requires the transfer of all firearms owned or possessed and the suspension of a concealed handgun permit:
- When a person is subject to a permanent injunction or a protective order pursuant to a court-approved consent agreement or pursuant to the provisions of R.S. 9:361 et seq., R.S. 9:372, R.S. 46:2136, 2151, or 2173, Children's Code Article 1570, Code of Civil Procedure Article 3607.1, or C.Cr.P. Articles 30, 320, or 871.1. **OR**
- When a person is subject to a Uniform Abuse Prevention Order that includes terms prohibiting possession of a firearm or carrying a concealed weapon.

---

**FULL FAITH AND CREDIT pursuant to 18 U.S.C. § 2265**

The issuing court certifies that it has jurisdiction over the parties and the subject matter under the laws of the State of Louisiana; that the defendant was given reasonable notice and an opportunity to be heard sufficient to protect the defendant's right to due process before this order was issued; or if the order was issued *ex parte*, the court ordered that the defendant be given reasonable notice and an opportunity to be heard within the time required by the laws of the State of Louisiana, and in any event, within a reasonable time after the order was issued, sufficient to protect the defendant's due process rights.

**THIS ORDER SHALL BE PRESUMED VALID AND ENFORCEABLE IN ALL 50 STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, U.S. TERRITORIES, AND COMMONWEALTHS.**

_____
SIGNATURE OF JUDGE

_____
PRINT OR STAMP JUDGE'S NAME

LPOR 1
v.14

Docket No. _____

---

### NOTICE TO LAW ENFORCEMENT

Pursuant to La. R.S. 14:79, the crime of violation of protective orders – you shall use every reasonable means, including but not limited to immediate arrest of the violator, to enforce this order. Further, you shall at a minimum issue a summons to the person in violation.

Pursuant to La. R.S. 46:2140(A), if you have reason to believe that a family or household member or dating partner has been abused AND the abusing party is in violation of this order, you SHALL immediately arrest the abusing party.

If the expiration date of this order falls on or within five (5) days of the conclusion of a declared state of emergency, this order/injunction shall be enforced throughout that time period.

---

DEFENDANT WAS SERVED AT CLOSE OF HEARING.
Date _____ Clerk _____

FAXED or ELECTRONICALLY TRANSMITTED TO LOUISIANA PROTECTIVE ORDER REGISTRY
Date _____ Clerk _____

### FAX COMPLETED ORDERS TO 888-568-4558

Copies to:  1) Court file  2) Petitioner/protected person(s)  3) Defendant  4) Chief Law Enforcement Official of the parish where the protected person(s) resides  5) Louisiana Protective Order Registry.

LPOR 1
v.14

FILED

2024 MAY 10 PM 3:41

CIVIL
DISTRICT COURT

| LOUISIANA UNIFORM ABUSE PREVENTION ORDER | |
|---|---|

**Order of Protection**

Temporary Restraining Order

Docket No. 2024 - 4268

Court: _____

City/Parish _____  State **Louisiana**

Filed: _____  Clerk: _____

**PETITIONER**

LATOYA N. CANTRELL

First   Middle   Last

Protected person is: ☒ Petitioner   ☐ Other(s)   *List other(s) name & date of birth:*

**PETITIONER IDENTIFIERS**

| 4 03 1972 | BLK | F | |
|---|---|---|---|
| Date of birth | Race | Sex: Fe | Sex: M |

**V.**

**DEFENDANT NAME AND ADDRESS**

Anne Watkins Breaud

First   Middle   Last

Name of minor defendant's parent or guardian

Defendant's Alias:

540 Saint Peter B,

No. & Street   Apt. No.

New Orleans, LA 70116

City   State   Zip Code

**DEFENDANT IDENTIFIERS**

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| F | WHT | ▇▇▇ | | |
| EYES | HAIR | SOCIAL SECURITY # | | |
| | Blonde | ▇▇▇ | | |
| DRIVER'S LICENSE # | | STATE | EXP DATE | |

**THE COURT HEREBY FINDS:**

That is has jurisdiction over the parties and subject matter, and the defendant has been or will be provided with reasonable notice and opportunity to be heard.  Additional findings of this court are set forth on the following pages.

**THE COURT HEREBY ORDERS:**

That the above-named defendant be restrained from committing further acts of abuse or threats of abuse, stalking or sexual assault.  Additional terms of this order are as set forth on the following pages.

**EXPIRATION:**

This order shall be effective through 11:59 PM on

_____

*(month/day/year)*

**ENFORCEMENT:**

This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. Section 2265).

**WARNINGS TO DEFENDANT:**

Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. Section 2262).

Federal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition (19 U.S.C. Section 922[g][8]).  See further notice on page 6 of this Order.

**ONLY THE COURT CAN CHANGE THIS ORDER.**

Page 1 of 7

LPOR 1
v.14

VERIFIED
5/10/24

FILED

2024 MAY 10 PM 3: 41

CIVIL

DISTRICT COURT

| LOUISIANA UNIFORM ABUSE PREVENTION ORDER |
|---|

## TEMPORARY RESTRAINING ORDER

Pursuant to:

| ☐ La. R.S. 46:2131 et seq. (Domestic Abuse) | ☐ La. R.S. 46:2171 et seq. (Non-intimate stalking) | 46:2171 and 46:2181 valid for relationships in Box C below ONLY |
|---|---|---|
| ☐ La. R.S. 46:2151 (Dating Violence) | ☐ La. R.S. 46:2181 et seq. (Non-intimate sexual assault) | |
| ☐ La. Ch. C. Article 1564 et seq. (Children's Code Domestic Abuse) | | |

PETITIONER  LATOYA W. Cantrell   Protected person is: ☒ Petitioner  ☐ other(s)

v.

DEFENDANT  Anne W. Breaud

### The protected person(s) is related to the defendant as: (check all that apply)

**A**
- ☐ 1. current or former spouse
- ☐ 2. current or former intimate cohabitant
- ☐ 3. child, stepchild, or foster child
- ☐ 4. child of defendant's current or former intimate partner
- ☐ 5. protected person and defendant have a child(ren) in common

**B**
- ☐ 1. current or former dating partner
- ☐ 2. parent, stepparent, or foster parent
- ☐ 3. grandparent or other ascendant
- ☐ 4. grandchild or other descendant
- ☐ 5. child currently or formerly living with defendant

**C**  *Select ONLY if statute 46:2171 or 46:2181 is marked above*
- ☒ 1. stranger/no relationship
- ☐ 2. acquaintance

**D**  ☐ **FINDING:  Domestic Abuse or Dating Violence**
THE COURT FINDS THAT THE ALLEGATIONS PRESENTED CONSTITUTE AN IMMEDIATE AND PRESENT DANGER TO THE PHYSICAL SAFETY OF THE PROTECTED PERSON(S).

☒ **FINDING: Stalking**
THE COURT FINDS THAT THE ALLEGATIONS PRESENTED CONSTITUTE AN IMMEDIATE AND PRESENT DANGER OF STALKING.

☐ **FINDING: Sexual Assault**
THE COURT FINDS THAT THE ALLEGATIONS PRESENTED CONSTITUTE A SEXUAL ASSAULT.

THUS, THE  COURT ISSUES THE FOLLOWING ORDERS, WITHOUT A HEARING:

**E**  ☐ The court orders interpreter services   ☒ The court orders the sheriff to provide criminal history records of defendant and/or witnesses

IT IS ORDERED THAT THE DEFENDANT BE SERVED WITH A COPY OF THIS ORDER.

Docket No. 2024-04268

| DOMESTIC ABUSE, DATING VIOLENCE, STALKING OR SEXUAL ASSAULT |
| ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY |

☑ 1.  THE DEFENDANT IS ORDERED NOT TO abuse, harass, assault, stalk, follow, track, monitor, or threaten the protected person(s) in any manner whatsoever.  This prohibition includes the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury.

☑ 2.  THE DEFENDANT IS ORDERED NOT TO contact the protected person(s) personally, through a third party, or via public posting, by any means, including writing, telephone, or electronic (text, email, messaging, or social media) communication without the express written permission of this court.
Exceptions (if any):_____

☑ 3.  THE DEFENDANT IS ORDERED NOT TO go within _100 YARDS_ (distance) of the protected person(s), without the express written permission of this court.
Exceptions (if any):_____

☑ 4.  THE DEFENDANT IS ORDERED NOT TO go within one hundred (100) yards of the residence, apartment complex, or multiple family dwelling of the protected person(s).
_3623 LOUISIANA PARKWAY_     _New Orleans, LA 70125_
No. & Street       Apt. No.       City       State   Zip Code

☑ 5.  THE DEFENDANT IS ORDERED TO STAY AWAY from protected person(s)' place of employment/school and not to interfere in any manner with such employment/school.
_1300 PERODDO STREET_     _New Orleans, LA 70112_
Employment/School       Address       City       State   Zip Code
_5300 ST. CHARLES_      _New Orleans, LA 70115_
Employment/School       Address       City       State   Zip Code

____ ☐ 6.  THE DEFENDANT IS ORDERED NOT TO damage any belongings or property of the protected person(s) and not to shut off any utilities, telephone service, or mail delivery to the protected person(s) or in any way interfere with the living conditions of the protected person(s).

____ ☐ 7.  THE COURT GRANTS THE PETITIONER or protected person(s) the use of the residence located at:
_____
No. & Street       Apt. No.       City       State   Zip Code

to the exclusion of defendant by **evicting** defendant.  The Court orders the defendant to surrender any keys to that residence to the petitioner.
_____ (Sheriff's office) is ordered to **evict** the defendant.

____ ☐ 8.  THE COURT GRANTS THE PETITIONER or protected person(s) the use and possession of the following property (including pets or other animals) and/or the return of protected person(s) property:
_____
_____
_____
_____
_____
_____
_____

____ ☐ 9.  THE COURT ORDERS a representative of _____(Sheriff's office)
to accompany petitioner to obtain property listed in Order No. 8 above.



Docket No. 2024-04268

____ ☐10.  THE COURT PROHIBITS EITHER PARTY from transferring, encumbering, or otherwise disposing of property jointly owned or leased, except in the normal course of business or that which is necessary for the support of the petitioner and/or the minor child(ren).

____ ☐11.  THE COURT WILL ALLOW _____ to return to the residence at a date and time to be agreed upon by petitioner and law enforcement agency to recover his/her personal clothing and necessities, provided that s/he is accompanied by a law enforcement officer to ensure the protection and safety of the parties. NO FORCED ENTRY ALLOWED.

____ ☐12.  THE COURT ORDERS a representative of _____ (Sheriff's office) to accompany _____ to the residence located at _____ to recover her/his personal clothing and necessities.

---

**DOMESTIC ABUSE, DATING VIOLENCE ONLY**
ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY

---

____ ☐13.  THE COURT GRANTS TEMPORARY CUSTODY of the following child(ren) or alleged incompetent to the petitioner: *(name, date of birth, and relationship to petitioner)*
_____
_____

____ ☐14.  THE COURT ORDERS a representative of _____ (Sheriff's office) to accompany petitioner to where the minor child(ren) or alleged incompetent mentioned in paragraph above is/are currently, and to effect petitioner obtaining physical custody of said child(ren) or alleged incompetent.

____ ☐15.  THE DEFENDANT IS ORDERED NOT TO interfere with the physical custody of the minor child(ren) or alleged incompetent.

____ ☐16.  THE DEFENDANT IS ORDERED TO show cause on the below hearing date why s/he should not be evicted from the solely owned residence or household and the petitioner granted possession.

____ ☐17.  THE DEFENDANT IS ORDERED TO show cause on the below hearing date why s/he should not be ordered to pay child support and/or spousal support (alimony) pursuant to Louisiana Law. **The court further orders the defendant to produce at the hearing: most recent income tax returns AND pay stubs or an employer statement documenting gross income to date for the CURRENT year. If the defendant is self-employed, income and expense statements shall be produced.**

---

**STALKING, SEXUAL ASSAULT ONLY**
ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY

---

____ ☐18.  THE DEFENDANT IS ORDERED NOT TO contact family members or acquaintances of the protected person(s).

---

**DOMESTIC ABUSE, DATING VIOLENCE, STALKING OR SEXUAL ASSAULT**
ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY

---

____ ☐19.  THE DEFENDANT IS ORDERED TO show cause on the below hearing date why s/he should not be ordered to pay the following:

☐ all court costs      ☐ attorney fees

☐ evaluation fees      ☐ expert witness fees

☐ cost of medical and/or psychological care for the petitioner, the minor child(ren), alleged incompetent, and/or other protected person(s) necessitated by the domestic abuse, dating violence, stalking or sexual assault.

____ ☐20.  THE DEFENDANT IS ORDERED TO show cause on the below hearing date why s/he should not be ordered to seek professional counseling, complete a court-monitored domestic abuse intervention program, submit to a medical evaluation and/or submit to a mental health evaluation.

LPOR 1
v.14



FILED

Docket No. 2024-04268

___ ☐21.   Other: _____ 2024 MAY 10 PM 3:41 _____

_____ CIVIL _____
_____ DISTRICT COURT _____

_____

_____

_____

_____

_____

_____

_____

IT IS FURTHER ORDERED THAT DEFENDANT show cause on May 20, 2024 *(month/day/year)*
at 9 o'clock A. M. in Courtroom No. 206 of the Civil District Court, located
at 421 Loyola Avenue in New Orleans La., why the
above Temporary Restraining Order and other relief requested should not be made Protective Orders.

| Date of Order | Time of Order | Order effective through 11:59 PM on | |
|---|---|---|---|
| 5/10/24 | 4:18 | 5/20/24 | **SIGNATURE OF JUDGE**<br>☐ Order issued *ex parte*<br>☐ Order issued after notice and opportunity for hearing<br>given to defendant |
| *month/day/year* | ☐AM ☒PM | *month/day/year* | Paulette R. Irons<br>Judge, Division M, Section 13<br>**PRINT OR STAMP JUDGE'S NAME** |

NOTICE: C.C.P. Article 3603.1 - Any person against whom such an order is issued shall be entitled to a court-appointed attorney if the applicant has likewise been afforded a court-appointed attorney.

**NOTICE TO DEFENDANT - VIOLATION OF ORDER:**

PURSUANT TO LA. R.S. 14:79, A PERSON WHO VIOLATES THIS ORDER MAY BE ARRESTED, JAILED, AND PROSECUTED.

PURSUANT TO LA. R.S. 13:4611 AND LA. CH. C. ARTICLE 1571, A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF NOT MORE THAN $1,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS 6 MONTHS, OR BOTH, AND MAY BE FURTHER PUNISHED UNDER CRIMINAL LAWS OF THE STATE OF LOUISIANA. THIS ORDER SHALL BE ENFORCED BY ALL LAW ENFORCEMENT OFFICERS AND COURTS OF THE STATE OF LOUISIANA.

VERIFIED
5/10/24

FILED 2024-04268

Docket No.

2021 MAY 10 PM 4: 56

COURT

**NOTICE TO DEFENDANT – FIREARM <u>POSSESSION</u>** (*Domestic abuse or dating violence ONLY*)

AS A RESULT OF THIS ORDER, IT MAY BE UNLAWFUL FOR YOU TO POSSESS, RECEIVE, SHIP, TRANSPORT OR PURCHASE A FIREARM, INCLUDING A RIFLE, PISTOL, OR REVOLVER, OR AMMUNITION, FOR THE DURATION OF THIS ORDER PURSUANT TO STATE AND/OR FEDERAL LAWS. See below.

*If you have any questions whether these laws make it illegal for you to possess or purchase a firearm or ammunition, consult an attorney.*

<u>Federal law: 18 U.S.C. 922 (g)(8)</u> prohibits a defendant from purchasing, possessing, shipping, transporting, or receiving firearms or ammunition* for the **duration** of this order if the following conditions apply:
- Protected person(s) relationship to defendant is checked in Box **A** on page 2 of this order **AND**
- Notice and opportunity for a hearing provided **AND**
- **EITHER** Judicial finding of credible threat, **OR** Certain behaviors are prohibited (item 1 on page 3 of this order is initialed)

*Under 18 U.S.C. 921 the term **"firearm"** means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm. The term **"ammunition"** means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

---

**NOTICE TO DEFENDANT – FIREARM <u>TRANSFER</u> AND <u>SUSPENSION OF CONCEALED HANDGUN PERMIT</u>**
(*Domestic abuse or dating violence ONLY*)

IF A <u>PROTECTIVE ORDER</u> IS ISSUED AGAINST YOU, YOU MAY BE REQUIRED TO TRANSFER ANY AND ALL FIREARMS OWNED OR POSSESSED BY YOU AND SURRENDER YOUR CONCEALED HANDGUN PERMIT. AS YOU MAY ALSO BE REQUIRED TO STATE UNDER OATH THE NUMBER OF FIREARMS YOU POSSESS, THE TYPE AND LOCATION OF EACH AND COMPLETE A FIREARMS INFORMATION FORM VERIFYING SUCH, BRING THIS INFORMATION TO THE HEARING. THE INFORMATION MAY BE REQUIRED EVEN IF YOU TRANSFERRED THE FIREARMS PRIOR TO THE TRANSFER ORDER.

<u>Louisiana law: C.Cr.P. Art. 1001 et seq.</u> requires the transfer of all firearms owned or possessed and the suspension of a concealed handgun permit:
- When a person is subject to a permanent injunction or a protective order pursuant to a court-approved consent agreement or pursuant to the provisions of R.S. 9:361 et seq., R.S. 9:372, R.S. 46:2136, 2151, or 2173, Children's Code Article 1570, Code of Civil Procedure Article 3607.1, or C.Cr.P. Articles 30, 320, or 871.1. OR
- When a person is subject to a Uniform Abuse Prevention Order that includes terms prohibiting possession of a firearm or carrying a concealed weapon.

---

**FULL FAITH AND CREDIT pursuant to 18 U.S.C. § 2265**

The issuing court certifies that it has jurisdiction over the parties and the subject matter under the laws of the State of Louisiana; that the defendant was given reasonable notice and an opportunity to be heard sufficient to protect the defendant's right to due process before this order was issued; or if the order was issued *ex parte*, the court ordered that the defendant be given reasonable notice and an opportunity to be heard within the time required by the laws of the State of Louisiana, and in any event, within a reasonable time after the order was issued, sufficient to protect the defendant's due process rights.

THIS ORDER SHALL BE PRESUMED VALID AND ENFORCEABLE IN ALL 50 STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, U.S. TERRITORIES, AND COMMONWEALTHS.

SIGNATURE OF JUDGE

Sgd, Paulette R. Irons
Judge, Division M, Section 13
PRINT OR STAMP JUDGE'S NAME

LPOR 1
v.14

VERIFIED
5/10/24

Docket No. _____

## NOTICE TO LAW ENFORCEMENT

**Pursuant to La. R.S. 14:79, the crime of violation of protective orders – you shall use every reasonable means, including but not limited to immediate arrest of the violator, to enforce this order. Further, you shall at a minimum issue a summons to the person in violation.**

**Pursuant to La. R.S. 46:2140(A), if you have reason to believe that a family or household member or dating partner has been abused AND the abusing party is in violation of this order, you SHALL immediately arrest the abusing party.**

**If the expiration date of this order falls on or within five (5) days of the conclusion of a declared state of emergency, this order/injunction shall be enforced throughout that time period.**

DEFENDANT WAS SERVED AT CLOSE OF HEARING.
Date _____   Clerk _____

FAXED or ELECTRONICALLY TRANSMITTED TO LOUISIANA PROTECTIVE ORDER REGISTRY
Date _____5/10/24_____   Clerk ____Yazmeen Smith____

**FAX COMPLETED ORDERS TO 888-568-4558**

Copies to:   1) Court file   2) Petitioner/protected person(s)   3) Defendant   4) Chief Law Enforcement Official of the parish where the protected person(s) resides   5) Louisiana Protective Order Registry.

LPOR 1
v.14