UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNE W. BREAUD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1865** |
| **LATOYA W. CANTRELL, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Anne W. Breaud's ("Plaintiff") Motion for Entry of Default.[1] Plaintiff filed a Complaint against Defendants Latoya W. Cantrell, the City of New Orleans, the New Orleans Police Department, Clifton Davis II, Victor Grant, Leslie D. Guzman, Ryan St. Martin, and John/Jane Does Numbers 1-5 ("Defendants") in this Court on July 26, 2024.[2] The record reflects that the City of New Orleans, Latoya W. Cantrell, and Clifton Davis II were served on July 30, 2024.[3] The New Orleans Police Department, Leslie D. Guzman, Victor Gant, and Ryan St. Martin were served on July 31, 2024.[4] Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), an answer was due within 21 days of service. On August 16, 2024, Defendants filed a motion for extension of time to file responsive pleadings.[5] Pursuant to Local Rule 7.8, the Court granted Defendants an additional 21 days to file responsive pleadings.[6] On September 10,

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 1.

[3] Rec. Doc. 6.

[4] *Id.*

[5] Rec. Doc. 7.

[6] Rec. Doc. 9.

1

2024, Defendants filed a Motion to Stay Proceedings.[7] The Court denied the Motion to Stay Proceedings on October 16, 2024.[8]

On October 21, 2024, Plaintiff filed the instant Motion for Entry of Default.[9] Plaintiff argues that Defendants are in default because they failed to answer the Complaint by September 10, 2024.[10] Plaintiff asserts that the Motion to Stay "does not constitute a responsive pleading for the purpose of tolling the time in which the Defendants must answer the Complaint."[11] The same day, Defendants Latoya W. Cantrell, the City of New Orleans, Clifton Davis II, Victor Gant, Leslie D. Guzman, and Ryan St. Martin answered the Complaint.[12] The New Orleans Police Department filed a Rule 12(b)(6) motion to dismiss.[13]

The Fifth Circuit has held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[14] In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[15] Pursuant to Federal Rule of Civil Procedure 55(a), a default may be entered "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise

---

[7] Rec. Doc. 10.

[8] Rec. Doc. 13.

[9] Rec. Doc. 14.

[10] *Id.* at 4.

[11] *Id.*

[12] Rec. Doc. 15.

[13] Rec. Doc. 16.

[14] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

[15] *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989).

defend. . . ."[16] "The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits."[17]

Plaintiff is correct that a "motion to stay is neither a responsive pleading nor a motion made under Rule 12" of the Federal Rules of Civil Procedure.[18] However, Plaintiff does not cite any authority to support her argument that the Motion to Stay did not toll the deadline for filing responsive pleadings. Even accepting Plaintiff's argument as true, a plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[19] Considering the filing of Defendant's Motion to Stay the Proceeding, it cannot be said that Defendants have failed to defend this litigation. Even if Defendants were technically in default, their active participation in this litigation conveys their intention to defend this case. Additionally, Defendants have now filed responsive pleadings. Therefore, it would be inappropriate for the Court to enter default against Defendants. Accordingly,

---

[16] Fed. R. Civ. P. 55(a).

[17] *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949).

[18] *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675 (11th Cir. 2009).

[19] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1989)).

**IT IS HEREBY ORDERED** that Plaintiff Anne W. Breaud's Motion for Entry of Default[20] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  21st  day of October, 2024.

*[signature]*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[20] Rec. Doc. 14.