UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNE W. BREAUD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1865** |
| **LATOYA W. CANTRELL, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

On July 26, 2024, Plaintiff Anne W. Breaud's ("Breaud") filed a Complaint in this Court against Defendants Latoya W. Cantrell, the City of New Orleans, the New Orleans Police Department, Clifton Davis II, Victor Grant, Leslie D. Guzman, Ryan St. Martin, and John/Jane Does Numbers 1-5 (collectively, "Defendants") for allegedly violating federal law, state law, and her civil rights in retaliation for Breaud capturing and circulating two photographs of Mayor Latoya W. Cantrell and New Orleans Police Officer Jeffrey Vappie at a restaurant together.[1] Pending before the Court is Defendant the New Orleans Police Department's ("NOPD") Motion to Dismiss Pursuant to Rule 12(b)(6).[2] The motion was filed on October 21, 2024, and set for submission on November 27, 2024.[3] Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date.[4] Breaud has not filed an opposition to the instant motion and therefore the motion is deemed unopposed. A federal district court may grant an

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 16.

[3] Rec. Doc. 8-3.

[4] *See* EDLA Local Rule 7.5.

1

unopposed motion if the motion has merit.[5]

The NOPD argues that the claims against it must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it is not an entity capable of being sued.[6] Louisiana courts have long recognized that the NOPD is not a legal entity capable of being sued.[7] In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the NOPD is capable of being sued.[8] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."[9] This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership."[10] The NOPD is a department of the City of New Orleans; it is not an independent entity from the City.[11] Therefore, the NOPD is not a juridical entity capable of being sued. Bread's claims against the NOPD must be dismissed for failure to state a claim upon which relief can be granted.

Accordingly,

---

[5] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[6] Rec. Doc. 16.

[7] *Davis v. Hager*, No. 17-10118, 2018 WL 1172954, at *2 (E.D. La. Mar. 6, 2018); *Winn v. New Orleans City*, 919 F. Supp. 2d 743, 750 (E.D. La. 2013); *Barrios-Barrios v. Clipps*, 825 F. Supp. 2d 730, 741 n.5 (E.D. La. 2011); *Manley v. State of Louisiana*, No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2011); *Everson v. N.O.P.D. Officers*, No. 07-7027, 2009 WL 122759, at *2 (E.D. La. Jan. 15, 2009); *Atkinson v. NOPD*, No. 06-5820, 2007 WL 2137793, at *1 (E.D. La. July 23, 2007); *Banks v. United States*, No. 05–6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).

[8] Fed. R. Civ. P. 17(b) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located.").

[9] *Dugas v. City of Breaux Bridge Police Dep't*, 1999-1320 (La. App. 3 Cir. 2/2/00), 757 So. 2d 741, 743.

[10] La. Civ. Code art. 24.

[11] See La. Rev. Stat. § 33:361 (vesting police power in municipalities); New Orleans Home Rule Charter § 4-102 (establishing Department of Police).

**IT IS HEREBY ORDERED** that the NOPD's Motion to Dismiss Pursuant to Rule 12(b)(6)[12] is **GRANTED**. Plaintiff Anne W. Breaud's claims against the New Orleans Police Department are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this  18th  day of December, 2024.

                                                  *Nannette Jolivette Brown*
                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[12] Rec. Doc. 16.