UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNE W. BREAUD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1865** |
| **LATOYA W. CANTRELL, et al.** | **SECTION: "G"(5)** |

**ORDER AND REASONS**

On July 26, 2024, Plaintiff Anne W. Breaud's ("Breaud") filed a Complaint in this Court against Defendants Latoya W. Cantrell, the City of New Orleans, the New Orleans Police Department, Clifton Davis II, Victor Grant, Leslie D. Guzman, Ryan St. Martin, and John/Jane Does Numbers 1-5 (collectively, "Defendants") for allegedly violating federal law, state law, and her civil rights in retaliation for Breaud capturing and circulating two photographs of Mayor Latoya W. Cantrell and New Orleans Police Officer Jeffrey Vappie at a restaurant together.[1]

Pending before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint.[2] Through the amended pleading, Plaintiff seeks to voluntarily dismiss three of the New Orleans Police Officers previously named as defendants—Victor Gant, Leslie D. Guzman, and Ryan St. Martin.[3] Plaintiff also seeks to add a First Amendment retaliation claim and a claim for violations of Public Records Laws.[4]

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 41.

[3] Rec. Doc. 41-4. The Court previously dismissed the claims against the New Orleans Police Department. Rec. Doc. 21.

[4] Rec. Doc. 41-4.

1

Defendants oppose the motion to amend, arguing that amendment would be futile because Plaintiff does not address the alleged deficiencies Defendants identified in their pending Rule 12(c) motion to dismiss.[5] Defendants also argue that Plaintiff fails to state a claim for First Amendment retaliation. Defendants do not address the Public Records Laws claim.

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely grant leave to amend complaints "when justice so requires."[6] This case is still in the early stages. Plaintiff recently received initial disclosures from Defendants. In light of the information received, Plaintiff is seeking leave to amend the Complaint. Defendants have not shown that they will be prejudiced by this filing, especially considering that Plaintiff is seeking to voluntarily dismiss three of the originally named defendants. Therefore, the Court grants Plaintiff leave to file the First Amended Complaint.

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12 motion is still pending.[7] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[8] Although courts may

---

[5] Rec. Doc. 43.

[6] Fed. R. Civ. Pro. R. 15(a).

[7] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[8] *See Athletic Training Innovations, LLC v. eTagz, Inc.*, No. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. Aug. 3, 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc. v. Reed City Power Line Supply Co.*, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright,

address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[9]

Considering that the Amended Complaint removes certain individual defendants and adds two claims, the Court concludes that it is more efficient for Defendants to refile a Motion to Dismiss tailored to Plaintiff's First Amended Complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint[10] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Rule 12(c) Motion to Dismiss[11] "and Motion to Stay Discovery Pending Ruling on the Motion to Dismiss[12] are **DISMISSED AS MOOT.** Defendants are granted leave to file renewed motions tailored to the First Amended Complaint within 14 days of this Order.

**NEW ORLEANS, LOUISIANA,** this __26th__ day of March, 2025.

*(signature)*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[9] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[10] Rec. Doc. 41.

[11] Rec. Doc. 26.

[12] Rec. Doc. 24.

3