# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE W. BREAUD | * |
|     PLAINTIFF | * |
| | * |
| VERSUS | *Civil Action No. 2:24-cv-01865-NJB-JVM |
| | * |
| LATOYA W. CANTRELL, individually and in | * |
| her official capacity as Mayor of the City of New | *Judge Nannette Jolivette Brown |
| Orleans; THE CITY OF NEW ORLEANS; | * |
| THE NEW ORLEANS POLICE DEPARTMENT; | * |
| CLIFTON DAVIS II, individually and in his official | * |
| capacity as Chief of Staff of the Mayor of the City | * Magistrate: Janis van Meerveld |
| and JOHN/JANE DOES NOS. 1-5 | * |
|     DEFENDANTS | * |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Defendants Mayor Latoya W. Cantrell, individually and in her official capacity as Mayor of the City of New Orleans, The City of New Orleans and Clifton Davis III, individually and in his official capacity as Chief of Staff of the Mayor of the City respectfully move this Honorable Court to deny plaintiff's Motion for Leave to File Third Amended Complaint. The Third Amended Complaint has been filed as a dilatory tactic to prevent the City Defendants from obtaining a ruling on their Motion to Dismiss Pursuant to 12(b)(6) filed in response to plaintiff's Second Amended Complaint. Furthermore, the Complaint as amended to add a defendant does not cure the deficiencies as alleged in the City Defendants' Motion to Dismiss and is therefore futile.

### I.    Procedural History

On March 27, 2025, plaintiff filed her First Amended Complaint against Defendants Mayor Cantrell, Davis and the City of New Orleans. In her First Amended Complaint, plaintiff concluded it was appropriate to dismiss the three New Orleans Police officers who had been named in her

Original Complaint.[1] In response to plaintiff's First Amended Complaint, City Defendants, filed a Motion to Dismiss Pursuant to Rule 12(c) and for Qualified Immunity on April 10, 2025.[2] This Honorable Court issued its Order and Reasons denying the motion without prejudice and granting Breaud leave to file a Second Amended Complaint and Rule 7(a)(7) reply tailored to the qualified immunity defense on July 02, 2025.[3] Pursuant to the Court's order, the plaintiff filed a Second Amended Complaint July 16, 2025, in which she asserted various allegations against the defendants, which includes repleading violations of 42 U.S.C. §1983, violations of 18 U.S.C. §2721, and individual capacity claims against Defendants Mayor Cantrell and Davis. (R. Doc. 55). As permitted by the Court, Defendants Mayor Cantrell, Davis and the City filed a Motion to Dismiss Pursuant to Rule 12(b)(6) on July 30, 2025, (R. Doc.60) which was set for submission August 20, 2025.

## II. LAW AND ARGUMENT

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleadings with opposing party's written consent or the court's leave. Plaintiff seeks leave of this Honorable Court to file a Third Amended Complaint to add Jeffrey Vappie ("Vappie") as an additional defendant on the basis of additional facts just released in a Superseding Indictment by the Federal Government that were previously unavailable to plaintiff.

Currently pending before this Honorable Court is a Motion to Dismiss pursuant to 12(b)(6) filed by Defendants in response to Plaintiff's Second Amended Complaint. Plaintiff urges the Court to rule on her Motion for Leave and allow the filing of her Third Amended Complaint prior to ruling on Defendant's Motion to Dismiss Pursuant to 12(b)(6), however, plaintiff's proposed

---

[1] *Id* at pg. 3
[2] R. Doc. 47.
[3] R. Doc. 54, p. 1.

Third Amended Complaint contains no new allegations that would defeat the granting of Defendant's Motion to Dismiss. The paragraphs of the Superseding Indictment cited by plaintiff in her Memorandum in Support include new allegations as to Defendant Cantrell and not Vappie. Neither Paragraph 86, nor paragraphs 123 and 124 of the Superseding Indictment as cited by plaintiff include any allegations as to Jeffrey Vappie. Plaintiff has filed this Third Amended Petition solely to obtain a third bite at the apple and delay a ruling on the City Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

As outlined by the Supreme Court, this Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.[4] Absent any of these factors, the leave sought should be "freely given."[5]

Plaintiff's filing of her Motion for Leave to file a Third Amended Complaint is both dilatory and futile. Plaintiff specifically requests the Court rule on her Motion for Leave prior to issuing a ruling on Defendants' Motion to Dismiss Pursuant to 12(b)(6), however, plaintiff does not include any allegations directly against Jeffrey Vappie in the "counts" of her Third Amended Complaint in which she sets forth her alleged causes of action against the named defendants.

Finally, regarding the City Defendants the Third Amended Complaint is futile as it does not cure any of the deficiencies alleged by the City Defendants in their Motion to Dismiss Pursuant to Rule 12(b)(6) filed in response to plaintiff's Second Amended Complaint. The City Defendants oppose the Motion for Leave to File the Amended Complaint and respectfully request this

---

[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), citing *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).
[5] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), citing *Foman,* 371 U.S. at 182, 83 S.Ct. 227.

Honorable Court deny plaintiff's motion as the Court need not grant a futile motion to amend.[6] Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted.[7] "[A]n amended complaint is futile 'if the complaint as amended would be subject to dismissal.'"[8] If plaintiff's sole motive is to add Jeffrey Vappie as a defendant in this matter, this amendment is futile as this action fails to address the deficiencies plead by City Defendants in their Motion to Dismiss and the Third Amended Complaint, as amended, would be subject to dismissal as to the City Defendants. Plaintiff's addition of Jeffrey Vappie as an additional defendant does not cure plaintiff's failure to state a claim upon which relief can be granted against the City Defendants pursuant to a *Monell* claim as to state a *Monell* claim, a constitutional tort must be attributable to the municipality through some sort of imprimatur.[9]

Plaintiff's Third Amended Complaint does not include any allegations that her *Monell* claim is based upon the actions of Jeffrey Vappie. Rather she re-alleges and seeks to refine her allegations against the City based upon the actions of Defendant Cantrell, which are thoroughly addressed in the City Defendants' Motion to Dismiss. Furthermore, plaintiff's newly plead allegations against Jeffrey Vappie would not cure the deficiencies in plaintiff's allegation of the violation of her privacy and due process rights. These allegations in her Third Amended Complaint are nearly identical to the allegation in her Second Amended Complaint, which states: Breaud alleges "[d]efendants Cantrell, Davis, other City of New Orleans employees and unnamed Defendants John/Jane Does violated Anne Breaud's privacy and due process rights by obtaining

---

[6] *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) *citing Stripling v. Jordan Production Co. LLC*, 234 F.3d 863 at 872-73.
[7] *Id*.
[8] *Rohi v. Brewer* (*In re ABC Dentistry, P.A.*), 978 F.3d 323, 325 (5th Cir. 2020) (*quoting Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)).
[9] *Piotrowski v. City of Houston*, 327 F.3d 567, 578 (5th Cir. 2001).

Breaud's private personal information under knowingly false pretenses, where in-turn, Defendants Cantrell and Davis disseminated it publicly by including it (unredacted) in Cantrell's *Petition for Protection*."[10]  This does not cure the deficiency as alleged by City Defendants as argued in the Motion to Dismiss Pursuant to Rule 12(b)(6) to the Second Motion to Dismiss, Breaud has no right to due process or privacy in the information she alleges was private personal information. Furthermore, Defendants Mayor Cantrell and Defendant Davis have asserted the defenses of qualified immunity.  Especially as to Defendant Davis, whose allegations against him are merely based upon plaintiff's "information and belief" and which plaintiff has failed to allege were objectively unreasonable, plaintiff seeks to subvert his defense of qualified immunity, which is immunity from suit.  Once qualified immunity has been raised by a defendant, the burden is then upon the plaintiff to demonstrate the inapplicability of the defense.[11]  Qualified immunity is "immunity from suit rather than a mere defense to liability."[12]  Plaintiff's proposed Amended Third Complaint do not add any additional allegations as to Defendant Davis or demonstrate the inapplicability of the defense.

**WHEREFORE**, the City Defendants move this Honorable Court to deny Plaintiff's Motion for Leave to file a Third Amended Complaint until after a ruling has been issued on the City Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) as plaintiff's filing of the Motion for Leave and Third Amended Complaint is a dilatory tactic and is futile as it does not remedy the deficiencies in plaintiff's Second Amended Complaint.

Respectfully submitted,

   /s/Elizabeth A. Weigand
ELIZABETH A. WEIGAND (LSB #32758)

---

[10] *Plaintiff's Second Amended Complaint*, ¶ 87, p. 25.
[11] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).
[12] *Id*.

Deputy City Attorney
DONESIA D. TURNER (LSB #23338)
City Attorney
1300 Perdido Street
City Hall -Room 5E03
New Orleans, LA 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
Elizabeth.weigand@nola.gov
Attorneys for Defendants LaToya Cantrell, the City of New Orleans, and Clifton Davis III