# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE W. BREAUD | * |
|         PLAINTIFF | * |
| | * |
| VERSUS | *Civil Action No. 2:24-cv-01865-NJB-JVM |
| | * |
| LATOYA W. CANTRELL, individually and in | * |
| her official capacity as Mayor of the City of New | *Judge Nannette Jolivette Brown |
| Orleans; THE CITY OF NEW ORLEANS; | * |
| THE NEW ORLEANS POLICE DEPARTMENT; | * |
| CLIFTON DAVIS II, individually and in his official | * |
| capacity as Chief of Staff of the Mayor of the City | * Magistrate: Janis van Meerveld |
| and JOHN/JANE DOES NOS. 1-5 | * |
|         DEFENDANTS | * |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINITFF'S MOTION TO DETERMINE CONFLICT FREE COUNSEL

NOW COME, Defendants LaToya Cantrell ("Mayor LaToya Cantrell"), individually and in her official capacity as Mayor of the City of New Orleans, the City of New Orleans ("City"), and Clifton Davis III, ("Davis") individually and in his official capacity as Chief of Staff of the Mayor of the City of New Orleans (sometimes referred to collectively as "City Defendants"), who respectfully submit this Memorandum in Opposition to Plaintiff's Motion to Determine Conflict Free Counsel. The City Defendants maintain that Plaintiff has no basis in law to bring this motion and it appears Plaintiff has filed the same to attempt to gain an advantage in settlement negotiations. Plaintiff failed to identify any direct or concurrent conflict of interest amongst the defendants based upon her allegations which would warrant disqualification. Plaintiff's motion should be denied.

**BACKGROUND**

**A. Procedural History**

On March 27, 2025, Plaintiff filed her First Amended Complaint against Defendants Mayor Cantrell, Davis and the City of New Orleans. In her First Amended Complaint, Plaintiff concluded it was appropriate to dismiss the three New Orleans Police officers who had been named in her Original Complaint.[1] In response to Plaintiff's First Amended Complaint, City Defendants, filed a Motion to Dismiss Pursuant to Rule 12(c) and for Qualified Immunity on April 10, 2025.[2] This Honorable Court issued its Order and Reasons denying the motion without prejudice and granting Plaintiff leave to file a Second Amended Complaint and Rule 7(a)(7) reply tailored to the qualified immunity defense on July 2, 2025.[3] In its Order this Court opined as to the merits of some of Plaintiff's claims, but gave Plaintiff the opportunity to amend. Pursuant to the Court's Order, the Plaintiff filed a Second Amended Complaint on July 16, 2025, and asserted various allegations against the defendants, which includes alleged violations of 42 U.S.C. §1983, violations of 18 U.S.C. §2721 (R. Doc. 55).

As permitted by the Court, Defendants Mayor Cantrell, Davis and the City filed a Motion to Dismiss Pursuant to Rule 12(b)(6) on July 30, 2025, (R. Doc.60) which was set for submission August 20, 2025. On August 18, 2025, Defendants filed a Second Motion for Stay (R. Doc. 63), which was unopposed by plaintiff. On August 28, 2025, Plaintiff filed a Motion for Leave to file a Third Amended Complaint, in which Plaintiff seeks to add Jeffrey Vappie as a defendant (R.Doc. 66). This motion is set for submission on September 5, 2025. The defendants represented by undersigned counsel include Mayor Cantrell, Davis and the City of New Orleans. Jeffrey Vappie

---

[1] R. Doc. 1 pg. 3
[2] R. Doc. 47.
[3] R. Doc. 54, p. 1.

is not a defendant in this matter as the Court has not ruled on whether the Third Amended Complaint will be accepted. Additionally, currently, there is no attorney client relationship between undersigned counsel and Mr. Vappie. Plaintiff has assumed facts, not in evidence, in her argument alleging a conflict of interest.

### B. Settlement Negotiations

Plaintiff has misrepresented the events surrounding settlement negotiations and has violated the confidentiality surrounding offers invoked by both parties by disclosing the status of settlement negotiations to the District Court Judge as well as the public. Settlement offers by the Defendants were made pursuant to Federal Rule of Evidence 408. Plaintiff's assertion that her initial demand was reasonable is disputed. However, an initial counteroffer was sent to plaintiff counsel, without the benefit of discovery, based upon an evaluation of Plaintiff's claimed damages and quantum. Plaintiff's second settlement demand was not sent to undersigned counsel timely and had expired by the time it was received. Finally, the parties have agreed, despite Plaintiff's initial refusal, to hold a settlement conference on September 19, 2025 with the Magistrate Janis van Meerveld. (R. Doc. 65). It was undersigned counsel's understanding that negotiations would be resumed at the scheduled conference. If plaintiff's counsel had a different understanding of the status of negotiations and was expecting a response to his expired demand, the issue could have been resolved by a mere telephone call between professionals. Instead, Plaintiff's counsel seemingly seeks to attempt to gain an advantage in settlement negotiations by bringing the instant motion.

Finally, Counsel's suggestion that the City Council, who is not a party to this case, and has never been consulted on this matter, take over settlement negotiations is not only contradictory to

the law, but evidences his lack of understanding of City government and his actual motive in filing this motion.

## LAW AND ARGUMENT

A motion to disqualify is a substantive motion affecting the rights of the parties and is determined by applying standards developed under federal law.[4]  Disqualification cases are governed by state and national ethical standards adopted by the court.[5]  When considering attorney disqualification, the court considers (1) the local rules in the district; (2) the American Bar Association's ("ABA") Model Rules of Professional Conduct; (3) the ABA Model Code of Professional Responsibility; and (4) the state rules of conduct.[6]

Disqualification rules are not mechanically applied.[7]  "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[8]  Applying an exacting standard for a motion to disqualify is necessary to protect a party's right to counsel of choice and to discourage the use of such motions as a trial tactic.  The court must be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, such as the right of a party to counsel of choice and an attorney's right to freely practice law.[9]  Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed cavalierly or without careful consideration.[10]

---

[4] *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995); *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992).
[5] *F.D.I.C., 50 F.3d at 1311-12* (quoting *In re Am. Airlines, Inc.*, 972 F.3d 605, 610 (5th Cir. 1992).
[6] *Id* at 1312; *Horaist v. Dr.'s Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).
[7] *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1569 (5th Cir. 1989); *Church of Scientology of Cal. v. McLean*, 615 F.2d 691, 693 (5th Cir. 1980).
[8] *F.D.I.C.*, 50 F.3d at 1314.
[9] *Woods v. Covington Cty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976) (citing *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 564-65 (2d Cir. 1973)); see also *F.D.I.C.*, 50 F.3d a 1313 (citing *Woods*, 537 F.2d at 813).
[10] *MMR Constr., Inc. v JB Grp. of La., LLC*, No. 22-267, 2024 WL 5155878, at *17 (M.D. La. Dec. 18, 2024); *FDIC, 50 F.3d at 1313.*

1. **Plaintiff does not have legal standing to move to disqualify opposing counsel.**

As a general rule courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification; however, plaintiff asserts that she has standing based upon a narrow exception to this general rule.[11] Plaintiff alleges the fact of the instant matter meet this narrow exception which arises when the conflict is "manifest and glaring"[12] or "open and obvious."[13] No such scenario is present in this current matter. Contrary to Plaintiff's belief, the numerous motions to dismiss filed by the City did not create a conflict of interest. The motions establish that no position was taken on behalf of one client which was adverse to another client.

2. **Plaintiff fails to establish a Conflict of Interest under Louisiana Rule of Professional Conduct 1.7(a)(1)**

Conflicts of interest are appropriately analyzed under Louisiana Rule of Professional Conduct 1.7. Section (a)(1) provides in pertinent part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client.

There is no directly adverse representation under Rule 1.7(a)(1), because Defendants' counsel does not represent any of the defendants in one matter against any of the other defendants in some other matter.[14] Plaintiff asserts a conflict based upon the City's interests being directly adverse to Defendant Cantrell's regarding her *Monell* claim. Plaintiff counsel continues to incorrectly assert that the City is liable to Plaintiff by virtue of Breaud's *Monell* claim under the theory of vicarious liability. With respect to a §1983 claim against a municipality, no liability

---

[11] *In re Yarn Processing Patent Validity Litigation,* 530 F.2d 83 (5th Cir. 1976).
[12] *Id citing Porter v. Huber*, 68 F.Supp.132 (W.D. Wash. 1946).
[13] *Id citing Estates Theatres, Inc. v. Columbia Pictures, Inc*., 345 F.Supp. 93 (S.D.N.Y. 1972).
[14] See Model Rules of Prof. Conduct R. 1.7, cmt. 6.

exists for governmental entities based on vicarious liability or respondeat superior.[15]  There is no

conflict as the defendants have asserted that Plaintiff has failed to state a claim under the provisions

of *Monell*.  Plaintiff judicially admits the fact that she cannot state a claim under *Monell* as she

included in her pleadings the allegation that "at no time during the tortious acts plead with

specificity herein where Defendants Cantrell, Davis….acting in the interest of the City of New

Orleans or in furtherance of anything close to what could be considered the act of a governmental

employee."[16]  Plaintiff also attempts to allege a *Monell* claim against the City based upon the

incorrect assertion that Defendant Mayor Cantrell is the alleged policymaker for the New Orleans

Police Department.  Plaintiff has failed to plead a cause of action against the City, and Plaintiff is

unable to demonstrate how the City is adverse to the other parties.

### 3. Plaintiff fails to establish a Conflict of Interest under Louisiana Rule of Professional Conduct 1.7(a)(2)

Section (a)(2) of Louisiana Rule of Professional Conduct 1.7 provides:

(a) Except as otherwise provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
    (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibility to another client, a former client, or a third person or by a personal interest of the lawyer.

Plaintiff first alleges that the City "has an interest in denying liability fault for Breaud's

claims because of the absence of any 'action' as an entity."[17]  The City has, in fact, filed three

motions to dismiss alleging Plaintiff failed to state a cause of action under *Monell* as she fails to

establish the actions of Defendants Cantrell and Davis are attributable to the City.  Rather than

provide allegations as to how the City's position materially limits undersigned counsel's

---

[15] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 693 (1978).
[16] R. Doc. 55 at pg. 2.
[17] R. Doc. 68-1 p. 9.

responsibility to another client, Plaintiff discusses how the City's position is adverse to Plaintiff's interest. It is true that the City is adverse to Plaintiff's interest because we have been sued by the Plaintiff. Conversely, the City's position is not adverse to the other defendants.

Next, Plaintiff argues "there is a 'significant risk' that the Defendants would be materially limited by obligations to Defendants in this action, and vise versa."[18] Plaintiff does not identify any conflict between any named defendant that has arisen. The City Defendants have set forth their position in the pending Motion to Dismiss, which presents no evidence that the representation of one client has been materially limited. The motions that have been filed, include all applicable defenses, and defendants have been successful in having claims dismissed against all defendants for which plaintiff failed to state a claim for relief. Recently, a Motion to Dismiss was filed pursuant to Rule 12(b)(6) in response to Plaintiff's Second Amended Complaint and Plaintiff can cite to no conflicts of interest which were present in the arguments presented on behalf of all defendants therein. "An actual conflict exists if 'counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom the same counsel is representing."[19] Plaintiff has failed to prove such a conflict exists.

Instead of citations to law or facts in evidence, Plaintiff relies upon fear mongering and baseless allegations that the City Attorney or anyone in the City Attorney's office would violate their ethical duties and not engage in settlement negotiations in good faith.[20]

---

[18] R. Doc. 68-1, p. 9.
[19] *U.S. v. Rico*, 51 F.3d 495, 509 (5th Cir. 1995).
[20] Rule 8.4(g) of the Louisiana Rules of Professional Conduct states it is professional conduct for a lawyer to threaten to present criminal or disciplinary charges solely to obtain an advantage in a civil matter.

### 4. Plaintiff has failed to prove disqualification is warranted.

District courts in the Eastern District of Louisiana have recognized that the party seeking disqualification bears the burden of proving a conflict.[21]  Having failed to present any arguments of any conflicts of interest, Plaintiff arrives at the legal conclusion that a concurrent conflict of interest exists and that the representation of Defendants Cantrell and Davis will be materially limited by counsel's responsibilities to the City.

Plaintiff then argues that social interests weigh in favor of disqualification because the concurrent conflicts of interest have "the appearance of impropriety in general" and there is "a possibility that a specific impropriety will occur."[22]  As plaintiff has alleged claims against Defendants Cantrell and Davis in their official capacities, it has been held that municipalities may control litigation on behalf of an officer in her official capacity.

 Plaintiff engages in a proposed analysis using his cited factors and determines there is impropriety, without identifying a specific conflict.  Plaintiff alleges the Superseding Indictment against Defendant Cantrell is evidence of the appearance of impropriety in general.  The appearance of impropriety is negated by the fact Plaintiff has included this allegation against Defendant Cantrell in her official capacity.  Furthermore, Plaintiff fails to state a claim under *Monell* for the alleged relevant counts in her Complaint, as she fails to allege an imprimatur to the City for these actions.  This issue has been raised and argued by the Defendants in their pending Motion to Dismiss Pursuant to 12(b)(6).

Secondly, Plaintiff argues that a specific impropriety has occurred because the Law Department has not engaged in "meaningful settlement negotiations."  Plaintiff failed to establish

---

[21] *Robertson v.  AstraZeneca Pharaceuticals, LP*, No. 15-438, 2015 WL 5774774 *2 (E.D. La. Sept. 30, 2015).
[22] R. Doc. 68-1, p. 11.

this, and the City has rebutted Plaintiff's accusations while maintaining the confidentiality requested by plaintiff, which she has now arguably breached. The lack of a settlement offer which Plaintiff finds acceptable is not evidence of a specific impropriety, especially allegations which have no factual basis. Plaintiff counsel's recitation of recent political events is irrelevant and, as such, appears to be included simply to harass and attempt to embarrass the City Attorney and her office.

Plaintiff alleges there are no societal interests, as Cantrell and Davis were not acting in any capacity that was related to their respective official capacities. Undersigned counsel fears that Plaintiff's counsel does not understand the language used in the complaint. Plaintiff has sued each defendant in their official capacity, and therefore the City does have a societal interest in representing the individual defendants. Additionally, a societal interest includes the right of a party to his counsel of choice.

**WHEREFORE**, defendants pray this Honorable Court deny Plaintiff's Motion to Determine Conflict Free Counsel at plaintiff's expense with costs and attorneys' fees as plaintiff has failed to establish the existence of any conflict pursuant to Louisiana Rule of Professional Conduct.

Respectfully submitted,

_/s/Elizabeth A. Weigand_
ELIZABETH A. WEIGAND (LSB #32758)
Deputy City Attorney
DONESIA D. TURNER (LSB #23338)
City Attorney
1300 Perdido Street
City Hall -Room 5E03
New Orleans, LA 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
Elizabeth.weigand@nola.gov

Attorneys for Defendants LaToya Cantrell, the City of New Orleans, and Clifton Davis III