UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANNE W. BREAUD                                    CIVIL ACTION

VERSUS                                            NO. 24-1865

LATOYA W. CANTRELL, et al.                        SECTION: "G"(1)

## ORDER AND REASONS

On July 26, 2024, Plaintiff Anne W. Breaud ("Breaud") filed a Complaint in this Court against Mayor LaToya W. Cantrell ("Cantrell"), Clifton Davis II ("Davis"), the City of New Orleans (the "City"), and several other defendants for allegedly violating federal law, state law, and her civil rights in retaliation for Breaud capturing and circulating two photographs of Mayor Cantrell and New Orleans Police Officer Jeffrey Vappie at a restaurant together.[1] On March 27, 2025, this Court granted Breaud leave to file an Amended Complaint.[2] The Amended Complaint withdrew all allegations against individual defendants Victor Gant, Leslie D. Guzman, and Ryan St. Martin.[3]

On April 10, 2025, Defendants Cantrell, Davis, and the City (collectively referred to hereafter as "Defendants") filed a second Motion to Dismiss Pursuant to Rule 12(c) and for Qualified Immunity.[4] On July 2, 2025, the Court denied the motion and granted Breaud leave to

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 44.

[3] Rec. Doc. 45.

[4] Rec. Doc. 47.

1

amend the Complaint to address pleading deficiencies identified in the Order.[5] Breaud filed a Second Amended Complaint on July 16, 2025.[6] On July 30, 2025, Defendants filed a renewed Motion to Dismiss, which remains pending before the Court.[7]

On August 15, 2025, Cantrell was indicted by a grand jury in the Eastern District of Louisiana through a Superseding Indictment filed in the matter of *United States v. Jeffrey Paul Vappie II and LaToya Cantrell*, United States District Court for the Eastern District of Louisiana, Case No. 24-CR-165. On August 18, 2025, Defendants filed a Second Motion to Stay the Proceedings filed by Cantrell, Davis, and the City.[8] Breaud did not oppose the motion to stay. She indicated in another filing that she agrees the circumstances have significantly changed since the First Motion to Stay Proceedings was denied by the Court in October 2024, and she agrees a stay is appropriate.[9]

Breaud now seeks leave to file a Third Amended Complaint.[10] Through the amended pleading, Breaud seeks to add Jeffrey Vappie ("Vappie") as a defendant.[11] Breaud contends that this amendment is warranted because the Superseding Indictment reveals additional information concerning Vappie's involvement in Cantrell's allegedly tortious conduct toward Breaud.[12]

---

[5] Rec. Doc. 54.

[6] Rec. Doc. 55.

[7] Rec. Doc. 60.

[8] Rec. Doc. 63.

[9] Rec. Doc. 70 at 4.

[10] Rec. Doc. 66.

[11] Rec. Doc. 66-1.

[12] *Id.* at 4.

2

Defendants oppose the motion to amend.[13] Defendants argue that the amendment was filed as a dilatory tactic to prevent Defendants from obtaining a ruling on the Motion to Dismiss filed in response to the Second Amended Complaint.[14] Furthermore, Defendants assert that the amendment is futile because the proposed Third Amended Complaint does not cure the deficiencies identified in the Motion to Dismiss.[15]

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely grant leave to amend complaints "when justice so requires."[16] This case is still in the early stages. Absent initial disclosures, discovery has not been conducted in this matter because Defendants have invoked qualified immunity. Cantrell and Vappie were recently charged in an eighteen count Superseding Indictment filed in the matter of *United States v. Jeffrey Paul Vappie II and LaToya Cantrell*, United States District Court for the Eastern District of Louisiana, Case No. 24-CR-165. The Superseding Indictment revealed information previously unknown to Breaud. In light of the new information revealed in the Superseding Indictment, Breaud is seeking leave to amend the Complaint. Defendants are also seeking a stay of this proceeding pending resolution of the criminal case. Defendants have not shown that they will be prejudiced by this filing, especially considering that Breaud has not opposed a stay of this litigation pending resolution of the criminal case. Therefore, the Court grants Breaud leave to file the Third Amended Complaint.

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule

---

[13] Rec. Doc. 72.

[14] *Id.* at 1.

[15] *Id.*

[16] Fed. R. Civ. P. 15(a).

12 motion is still pending.[17] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[18] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[19]

Considering that the Third Amended Complaint adds a new defendant, the Court concludes that it is more efficient for Defendants to refile a Motion to Dismiss tailored to the Third Amended Complaint. By separate order, the Court is staying this matter pending resolution of the criminal proceedings. Defendants may file renewed motions tailored to the Third Amended Complaint within 21 days of the stay being lifted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Anne W. Breaud's Motion for Leave to File a Third Amended Complaint[20] is **GRANTED.**

---

[17] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[18] *See Athletic Training Innovations, LLC v. eTagz, Inc.*, No. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. Aug. 3, 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc. v. Reed City Power Line Supply Co.*, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."); *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[19] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[20] Rec. Doc. 66.

5

**IT IS FURTHER ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss[21] is **DISMISSED AS MOOT.** Defendants are granted leave to file renewed motions tailored to the Third Amended Complaint within 21 days of the stay being lifted.

**NEW ORLEANS, LOUISIANA,** this  15th  day of September, 2025.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[21] Rec. Doc. 60.